## J. W. NOLAN, SHERIFF AND TAX COLLECTOR, ETC., V. SAN ANTONIO · RANCH COMPANY.

### No. 7683.

1. **Tax Upon Cattle in Pastures Lying in Two or More Counties.**—Under General Laws of 1889, page 29, cattle in pastures which lie in two or more counties must be rendered for taxation to the several counties in proportion that the land in each county is to the whole pasture. The taxes shall be paid where rendered.

2. **Same—Place of Management Immaterial.**—The statute (Gen. Laws 1889, p. 29) governs, and it is of no consequence where the place of general management of cattle in pastures in two or more counties may be kept.

3. **Assessment.** — An assessment of personal property will be presumed to have been properly made in absence of proof showing otherwise.

APPEAL from Kinney. Tried below before Hon. Winchester Kelso. The opinion states the case.

*L. L. Martin,* for appellant.—If the appellee rented or otherwise possessed a ranch in Kinney County before January 1, 1889, and since, including the first day of January, from which ranch the part of the cattle assessed in Kinney County were worked or handled in any way, then appellee was liable therefor for the State and county taxes for that portion of the cattle shown to have been so grazed, handled, or worked from said ranch in Kinney County, though the manager of the appellee might actually reside in Maverick County and give his orders from there. Rev. Stats., art. 4676: Hardesty Bros. v. Fleming, 57 Texas, 401; Railway v. Schmidt, 61 Texas, 285.

*Barnard & Green,* for appellee.—The court did not err in rendering judgment perpetuating the injunction, because it was shown from the evidence that the appellee did not own a separate ranch in Kinney County at the time of the assessment in that county of the 5000 head of

cattle belonging to appellee, and because it was shown from the evidence that the cattle owned by appellee used an open range which was partly in Maverick and partly in Kinney County, and that they were all controlled and managed from the headquarters, which were in Maverick County. Sayles' Civ. Stats., sec. 4737; Whart. on Ev., sec. 1318.

STAYTON, Chief Justice.—Appellee owned a ranch situated in Maverick and Kinney counties, which according to the averments of the petition embraces about 250,000 acres, on which it had about 10,000 cattle in the year 1889. Five thousand of these were assessed for taxation in Kinney County, and the collector had seized some of them for the purpose of sale to pay the sum due on the assessment, when this suit was brought to restrain him on the ground that the taxes on all the cattle had been paid in Maverick County.

The petition alleges that about 200,000 acres of appellee's pasture was in Maverick County and about 50,000 acres in Kinney County, but there was no proof as to this except a sketch showing the entire pasture, its form, and the line between the two counties, from which it appears that about one-half of the pasture is in each county.

Appellee is a corporation having its principal office in Bexar County, and to avoid the payment of taxes in Kinney County it alleged and sought to prove that the business of the ranch was conducted at a place in Maverick County at which the manager resided, but there was evidence tending to show that there was a ranch establishment in Kinney County from which the cattle in its vicinity were managed.

The case was evidently tried on the theory that if the taxes were paid in the county in which the principal management of the ranch was conducted this would relieve appellee from liability to pay taxes in the other county, and a judgment was rendered in favor of appellee doubtless on that theory, which may have been based on the opinion in the case of Court v. O'Connor, 65 Texas, 334.

Since the decision of that case, however, the Legislature enacted the following law: "All persons, companies, and corporations owning pastures in this State which lie on county boundaries shall be required to list for assessment all live stock of any kind owned by them in said pastures in the several counties in which such pastures are situated, listing in each county such portion of said stock as the land in such county is of the whole pasture. All persons, companies, and corporations owning any kind of live stock in pastures not their own shall list such live stock in the several counties in which such pastures are situated in the same manner, and in both cases the tax assessed upon such live stock shall be paid to the tax collectors of the several counties in which such live stock is listed and assessed." Gen. Laws 1887, p. 109; Gen. Laws 1889, p. 29.

This law was doubtless enacted to supply an omission in the law existing at the time the facts transpired which gave rise to the case of Court v. O'Connor, and to give effect in an equitable manner to the provision of the Constitution which declares that "all property, whether owned by persons or corporations, shall be assessed for taxation and the taxes paid in the county where situated, but the Legislature may by a two-thirds vote authorize the payment of taxes of nonresidents of counties to be made at the office of the Comptroller of Public Accounts." Const., art. 8, sec. 11.

The laws quoted must govern this case, and it was wholly unimportant where the management of the ranch was located, or that the land used for pasture purposes may not have been entirely inclosed or inclosed at all.

In the absence of evidence to the contrary the presumption is that the assessment was properly made, and in this case if the assessment was open to inquiry the burden of proving its incorrectness was on the plaintiff, and in the absence of such proof judgment should have been rendered for defendant.

The judgment of the court below will therefore be reversed, the injunction heretofore granted will be dissolved, and judgment will be here rendered in favor of appellant against appellee for the use of the State of Texas and county of Kinney, as each may be entitled, for the sum of $232.50, together with all costs incurred in the court below and in this court.

It is so ordered.

*Reversed and rendered.*

Delivered June 9, 1891.