**Fowler E. McDANIEL, Appellant,**

v.

**CASTRO COUNTY, Texas, et al.,**
**Appellees.**

No. 8491.

Court of Civil Appeals of Texas,
Amarillo.

Sept. 23, 1974.

Rehearing Denied Oct. 21, 1974.

er of liability for delinquent taxes assessed against his cattle and substituting liability therefor pursuant to the provisions of Vernon's Ann.Civ.St. art. 7155, which authorizes pro rata taxing of ranging livestock by qualifying taxing units, the trial court entered judgment against the taxpayer for all assessed taxes not barred by the statute of limitation. Concluding that application of the statutory provisions is contrary to the constitutional command for taxation of property at its situs, we reverse the portion of the judgment entered notwithstanding the jury's answers, reinstate the disregarded part of the jury's verdict, and reform the judgment to comport with the entire verdict. Reformed and affirmed.

The defendant taxpayer, Fowler E. McDaniel, owns thirteen contiguous sections of land, eight of which lie wholly within Swisher County and five of which are in Castro County within the boundaries of the Hart Independent School District. The thirteen sections, enclosed with an outside fence, are internally fenced into grazing tracts and cultivated tracts, the latter being used for the production of crops and grazing. A part of the realty consists of grazing land extending across the common boundary line of both Swisher and Castro Counties unseparated by a county line fence.

Plaintiffs Castro County, Texas, on behalf of itself and the State of Texas, and Hart Independent School District assessed for taxes cattle owned by McDaniel. McDaniel refused to pay the taxes. It was his position that on January 1 of each of the years for which plaintiffs assessed taxes, all of his cattle were located in and were listed for taxation with Swisher County, and that none of his cattle were located within the boundaries of the two taxing units at that time.[1]

The two plaintiff taxing units filed separate delinquent tax suits seeking judgment

Stokes, Carnahan & Fields (Barry D. Peterson), Amarillo, for appellant.

Day, Owen & Lyle (Lanny R. Voss), Plainview, Robert Buntyn, County Atty., Dimmitt, for appellees.

REYNOLDS, Justice.

Disregarding the only two of five jury findings that partially absolved the taxpay-

1. Vernon's Ann.Civ.St. art. 7151, § 1, provides in part: "All property shall be listed for taxation . . . with reference to the quantity held or owned on the first day of January in the year for which the property is required to be listed or rendered . . . . "

for the amount of taxes assessed, together with penalty and interest thereon, the school district also seeking statutory attorney's fees. Establishment of McDaniel's liability was sought because his cattle either were located within plaintiffs' boundaries on the first day of January of each year or were taxable under the provisions of Article 7155, V.A.C.S., reading:

"All persons, companies and corporations owning pastures in this State which lie on county boundaries shall be required to list for assessment, all livestock of every kind owned by them in said pastures in the several counties in which such pastures are situated, listing in each county such portion of said stock as the land in such county is of the whole pasture. All persons, companies and corporations owning any kind of livestock in pasture not their own shall list said livestock in the several counties in which such pastures are situated in the same manner; and in both cases the tax upon such livestock shall be paid to the tax collector of the several counties in which such livestock is listed and assessed."

Following trial of the consolidated suits, the trial court submitted a five-part special issue to the jury. The issue inquired whether McDaniel possessed cattle within the boundaries of the two plaintiff taxing units on the first day of January of the years 1967, 1968, 1969, 1971 and 1972. The jury answered the issue affirmatively for the first three years inquired about, but found that McDaniel did not possess cattle within plaintiffs' boundaries for the last two years of 1971 and 1972.

Responsive to plaintiffs' motion therefor, the court disregarded the jury's negative answers for the years 1971 and 1972, "even if supported by uncontradicted and undisputed evidence," because "Art. 7155 . . . is applicable and controlling in this case as to the years in question." Accepting the jury's answers for the years 1967, 1968 and 1969, and rendering judg-

ment non obstante veredicto in lieu of the jury's answers for the years 1971 and 1972, the court entered judgment in favor of plaintiffs according to their evidence of entitlement. Castro County and the State of Texas were awarded $382.79 for their delinquent taxes, penalty and interest for the years 1968, 1969 and 1971. Hart Independent School District recovered $904.76 for its delinquent taxes, penalty and interest for all five years, and an additional ten percent thereof amounting to $90.48 for statutory attorney's fees.

None of the parties have challenged either the sufficiency of the evidence to support any of the jury's answers or the correctness of any of the computations forming the amounts recovered in the judgment. The challenge made by McDaniel in this appeal is that the trial court erred in disregarding the answers of the jury for the years 1971 and 1972 and entering judgment against him on that part of the verdict.

■■■ The court is authorized to disregard the answers of the jury only if an instructed verdict thereon would have been proper. Eubanks v. Winn, 420 S.W.2d 698 (Tex.1967). And an instructed verdict is proper only when the jury's answer to a special issue has no support in the evidence or when the issue is immaterial. C. & R. Transport, Inc. v. Campbell, 406 S.W.2d 191 (Tex.1966).

That the uncontradicted and undisputed evidence supported the jury's disregarded answers was recognized by the court in entering its judgment; thus, the court did not disregard the answers because they had no support in the evidence. Indeed, it is not disputed that all of the evidence is that on January 1 of 1971 and 1972 all of McDaniel's cattle were confined in enclosures on his land in Swisher County, and that they were not free to roam on his tract of grazing land extending across the county line and encompassed within plaintiffs' boundaries. A fortiori, the inquiries made of the jury as to the years 1971 and 1972

would be immaterial to plaintiffs' right of recovery for those taxes only if the provisions of Article 7155, V.A.C.S. are controlling, the question we now consider.

■ The general scheme of taxation selected by the people of Texas in adopting the constitution is found in Vernon's Tex. Const. art. 8, § 11, Vernon's Ann.St., which reads in part:

> "All property, whether owned by persons or corporations should be assessed for taxation, and the taxes paid in the county where situated, . . ."

It is at once apparent that this constitutional provision does not solve the problem of, and that it is inadequate to cope with, the situs of livestock freely roaming in large unfenced ranches situated in two or more counties. See Court v. O'Connor, 65 Tex. 334 (1886). To remedy that situation and to provide a taxable situs for roaming livestock in an equitable manner compatible with the constitutional provision, Article 7155, V.A.C.S., was enacted. Nolan v. San Antonio Ranch Co., 81 Tex. 315, 16 S.W. 1064 (1891). But, obviously, it was not the intent of the statute to provide a different situs for livestock whose actual location in a particular taxing unit is capable of ascertainment, for any such statute would be clearly contrary to the constitutional command that taxes are to be paid in the county where the property is situated, as determined by Vernon's Ann.Civ.St. art. 7151, § 1, on January 1 of each year. Tex.Atty. Gen.Op. 0-245 (1939).[2]

■ Since all of McDaniel's cattle were situated in Swisher County on January 1 of 1971 and 1972 and were not free to roam on McDaniel's land into plaintiffs' domains, they were subject to taxation for those years in Swisher County by virtue of the constitutional provision; consequently, the cattle were not subject to taxation by plaintiffs under the authority expressed in Article 7155, V.A.C.S. It follows that the jury inquiries as to those years were not rendered immaterial by the inapplicable statute, and the court erroneously disregarded the jury's answers thereto for that reason.

Our conclusion requires that the portion of the judgment entered notwithstanding and antagonistic to the jury's answers be reversed and that the disregarded answers be reinstated as a part of the jury's verdict. Since none of the parties have questioned the sufficiency of the evidence to support the answers of the jury and Mc-Daniel has not disputed the calculations of the sums claimed by the taxing units, judgment should be entered consistent with the entire verdict.

■ The correct amount of the judgment becomes a matter of mathematical calculation by deducting the sums included in the judgment entered attributable to the years 1971 and 1972. Therefore, rather than reverse the judgment and remand the cause, we should, as we are empowered to do, reform the judgment entered to conform to the judgment the trial court should have entered. Lufkin Nursing Home, Inc. v. Colonial Investment Corporation, 491 S.W.2d 459 (Tex.Civ.App.—Amarillo 1973, no writ).

The judgment entered is reformed to eliminate therefrom the amount awarded Castro County, Texas, and the State of Texas for delinquent taxes, together with the penalty and interest computed thereon, for the year 1971, and the amounts awarded Hart Independent School District for delinquent taxes, together with the penalty and interest computed thereon, for the years 1971 and 1972. The judgment is further reformed to eliminate therefrom the amount of the statutory ten percent attorney's fee allowed Hart Independent

---

2. For a more extensive development of the historical background leading to the enactment of Vernon's Ann.Civ.St. art. 7155, see Tex.Atty.Gen.Op. 0-245 (1939).

**492**

School District on the sums herein eliminated from its judgment.

As reformed, the judgment of the trial court is affirmed.