Ruby **IVES, d/b/a Carriage Mobile Sales, Appellant,**

v.

**Lola WEBB, Appellee.**

No. 1131.

Court of Civil Appeals of Texas, Corpus Christi.

Nov. 18, 1976.

William K. Wilder, Edna, for appellant.

Nathan P. Hoffman, O. F. Jones, III, Victoria, for appellee.

## OPINION

YOUNG, Justice.

This is a breach of contract suit. The plaintiff, Lola Webb, sued defendant, Ruby Ives, d/b/a Carriage Mobile Home Sales, for failure to properly perform a contract to move and to set up plaintiff's mobile home. Trial was to a jury which found that defendant failed to perform as agreed; that such failure was the proximate cause of damage to plaintiff's property; that plaintiff sustained $350.00 damages. Based on that verdict the trial court rendered judg-

ment in favor of the plaintiff for $350.00. Defendant appeals.

On June 7, 1974, appellee Webb contracted with appellant Ives to move her mobile home to a new site in an area in Victoria County known as Shady Oaks. By written contract the appellant agreed to disconnect water and electric connections; to transport designated personal property of appellee; and to unblock, tow, reblock, and level the mobile home. By oral agreement appellee would arrange for the preparation of the lot site, including removal of trees if necessary.

Appellee's claim is based on: damage to her sewer line and to fixtures, shelves, and doors of her mobile home; unauthorized cutting of trees on her lot; failure to properly level the mobile home; temporary loss of use of the home due to delay in moving and improper set up; and damage caused by felling a tree on her air conditioner, dryer and television antenna.

Appellant presents two points of error. She urges in the first that the trial court erred in failing to grant her motion for judgment non obstante veredicto; in the second, that special issue number 3 was improperly framed. The latter point will be considered first.

On appeal appellant complains for the first time that special issue number 3 was fatally defective because it did not inquire into the before and after cash market value of appellee's damaged property, and that the jury was thus presented with an improper means to calculate damage.

■ Appellant did not object at the trial to special issue number 3. She cannot now on appeal object to this special issue for the first time. Where no objection is made, any complaint regarding the form or substance of the special issue is waived. *Allen v. American National Insurance Company,* 380 S.W.2d 604, 609 (Tex.Sup.1964); *Lanphier Construction Company v. Fowco Construction Company,* 523 S.W.2d 29, 35 (Tex. Civ.App.—Corpus Christi 1975, writ ref'd n. r. e.); Rules 272 and 274, T.R.C.P. Appellant's second point is overruled.

■ In appellant's first point, she argues that there is no evidence of actual monetary loss measured by a proper legal method of computation, and she should therefore be entitled to judgment as a matter of law. On a "no evidence" point, we must view the evidence most favorably to the findings of the jury, considering only the evidence and inferences which support those findings. *Miller v. Riata Cadillac Company,* 517 S.W.2d 773, 777 (Tex.Sup.1974).

Special issue number 3 of which appellant complains was presented to the jury as follows:

"What amount of money, if any, if paid now in cash, do you find from a preponderance of the evidence would compensate the Plaintiff for her actual damages proximately caused by the damage to her trailer house, and lot, if any you have so found? In answering this special issue you may take into consideration the following elements and none other:

a. Damages, if any, to the trailer house sewer line system,

b. Damage to the trailer house doors and shelves, if any,

c. Damages, if any, to the Plaintiff's air conditioner, clothes dryer, and television antenna.

d. Damages received, if any, from the Defendant's failure to properly level the trailer house, if you so find that the trailer house was improperly leveled by the Defendant.

e. Diminished market value of the Plaintiff's lot, if any.

f. Loss of use by Plaintiff of the trailer house during that period of time, if any, that the trailer house was delayed in being relocated by the Defendant, if you find that the Defendant did proximately cause any such delay.

Answer in Dollars and Cents.

We, the Jury answer  350.00 "

It will be noted that this issue merely informed the jury of the elements which may be considered in arriving at a total damage figure. It did not request a specific finding of an amount for each element.

The trial court may submit issues broadly under Rule 277, T.R.C.P., combining elements or issues. Absent objection, and there was no objection by appellant, the special issue cannot be attacked for the first time on appeal, as discussed above.

We, therefore, examine the record to determine whether there was any competent evidence which the jury could properly use in reaching its finding of $350.00 in damages. See *Nickel v. Snider,* 484 S.W.2d 940, 943 (Tex.Civ.App.—Corpus Christi 1972, writ ref'd n. r. e.). Appellee's expert witness Clegg, owner of a mobile home service company, testified that proper repairs to the sewer pipe, connections, and interior facilities would cost up to $100; that repairs to the doors and shelves were estimated to reach approximately $95. Appellee testified that her clothes dryer, ruined when appellant's employees felled a tree upon it, was worth as much as $75. Although appellant stated the television antenna was completely broken and bent, she did not affix a dollar value to it, nor to the damage to the air conditioner which remained operable despite the fall of the tree onto it.

■ The general rule for measuring damages to personalty is the difference in market value immediately before and after injury to such property at the place where the destruction occurred. If the property is not destroyed but is susceptible of repairs, the owner may recover the reasonable costs of such replacement and repairs as are necessary to restore the damaged article to its condition immediately prior to the accident. *Pasadena State Bank v. Isaac,* 149 Tex. 47, 228 S.W.2d 127, 128 (1950). The testimony regarding costs of repair to the mobile home and the replacement value of the clothes dryer were within this rule. These estimates constituted competent, probative evidence of damages measured by a proper legal method of computation.

■ The only other evidence of monetary loss concerns the trees cut by appellant. The trees are not claimed to have had any value as timber or other use separate and apart from the land. Appellee testified that the trees were an important factor in her decision to purchase the lot in question, indicating their ornamental and shade value was of considerable consequence to her. Ordinarily, the measure of damages for loss of trees which are part of the realty is the difference in value immediately before and after the injury. *Cummer-Graham Co. v. Maddox,* 155 Tex. 284, 285 S.W.2d 932, 936 (Tex.Sup.1956).

■ Appellee testified that the lot was purchased for $2,300.00 a few days before the trees were cut. The only monetary estimate of the diminution in value was appellee's testimony that the lot was worth $600.00 less immediately after the cutting. While an appraisal or expert testimony would have been helpful, this is some evidence of reduction in market value, and the jury could consider the testimony as an element of the total damage figure. See *Southwestern Bell Telephone Company v. Willie,* 329 S.W.2d 466 (Tex.Civ.App.—Austin 1959, writ dism'd).

We need not rely entirely on diminished market value of the lot as the only proper measure of damages, however. An exception to the general rule was carved out by the San Antonio Court of Civil Appeals in *Lucas v. Morrison,* 286 S.W.2d 190, 191 (Tex.Civ.App.—San Antonio 1956, no writ). Where the loss of a shade tree was stipulated to have caused no reduction in the market price of the land, the Court allowed a recovery for its intrinsic value to the owner. In a similar case, recovery of the intrinsic value of a tree was denied absent proof that the usual standard of reduced market value was inappropriate. See *Smith v. Dye,* 294 S.W.2d 452, 464–65 (Tex.Civ.App.—Galveston 1956, no writ).

■ In the case at bar, the appellant's own witness testified that the real estate had not diminished in value at all. Thus, through her own witness, appellant laid the predicate which permits consideration of the intrinsic value of the destroyed trees rather than reduced market value of the realty.

We conclude that the jury could have believed the lot suffered a diminution in market value, or, alternatively, that there was no reduction in market value, but rather a loss of intrinsic value to appellee. In either case, the testimony of a $600.00 loss due to removal of trees was a proper consideration as an element of the damage issue.

■ The sum of all competent evidence of monetary loss which would be considered by the jury is in excess of their finding of $350.00. There is, therefore, evidence to support the judgment and appellant's first point is overruled.

■ By cross point appellee complains this appeal was perfected solely for the purpose of harassment and prays for assessment of a 10% penalty against appellant as authorized by Rule 438, T.R.C.P. The reviewing court is required to inspect the entire record and notice any errors, whether assigned or not, and assess damages only in the event the court concludes from the whole record that the appeal was not taken in good faith, but for delay only. *Biard Oil Company v. St. Louis Southwestern Railway Company,* 522 S.W.2d 588, 591 (Tex.Civ.App.—Tyler 1975, no writ); *Aetna Casualty and Surety Company v. Curlee,* 416 S.W.2d 890, 893 (Tex.Civ.App.—Fort Worth 1967, no writ).

■ Although we find appellant's points of error to be without merit, we cannot say without doubt that the record reveals an intended delay or harassment. Appellant did not favor us with oral argument, but she did timely file the entire record and her brief in this Court. Accordingly, the 10% penalty is denied and appellee's cross point is overruled.

The judgment of the trial court is AFFIRMED.