**Ernest SIMMONS, Appellant,**

v.

**Dolores O. SIMPSON, Appellee.**

**No. 6967.**

Court of Civil Appeals of Texas, El Paso.

Nov. 19, 1980.

---

Glen Sutherland, El Paso, for appellant.

Hardie, Armstrong, Sergent & Hardie, William B. Hardie, Jr., El Paso, for appellee.

OPINION

STEPHEN F. PRESLAR, Chief Justice.

This is a deceptive trade practice case arising from a representation made to Appellee by Appellant in connection with the sale of a used 1971 Volkswagen bus. Based upon jury findings, the trial Court entered judgment of treble damages, attorney's fees and court costs. We have concluded that the case must be reversed for lack of evidence to sustain the jury finding of damages.

Appellee, as Plaintiff, pled a cause of action for a breach of warranty. She obtained jury findings that the breach did occur, that the cost to repair the Volkswagen bus to the condition in which it was represented to be at the time of sale would be $328.00, that the amount of money paid for the bus was $1,900.00, and that the value of the bus at the time of purchase was $1,825.00. On the basis of these findings, the trial Court entered a judgment for Appellee for the highest amount found by the jury; that is, the $328.00 cost of repairs. This was trebled, plus attorney fees for the trial and in the event of appeal, and cost of court. It should also be noted that the jury found that the breach of the express warranty was a producing cause of Appellee's damages; and also found a breach of the warranty of merchantability and that, too, was a producing cause of damages. As we view these findings of the jury, the cost of repairs was not a proper measure of damages under Appellee's theory of recovery as pled. The correct measure of damages was the jury's finding as to the amount actually paid by the Defendant and the actual market value of the Volkswagen bus at the time of sale, but, as indicated, there was no evidence to support the finding of the value.

The Deceptive Trade Practices Act does not extend the measure of damages beyond the well settled rules of the common law. *American Transfer and Storage Company v. Brown*, 584 S.W.2d 284 (Tex.Civ.App.—Dallas 1979), reversed on

other grounds, 601 S.W.2d 931 (Tex.1980). Evidence of damages requires either proof of the difference in market value of what was received and what was contracted for or proof of reasonable cost of remedying the defect. *Winandy Greenhouse Construction, Inc. v. Graham Wholesale Floral, Inc.*, 456 S.W.2d 470 (Tex.Civ.App.—Fort Worth 1970, no writ); *Harrison v. Dallas Court Reporting College*, 589 S.W.2d 813 (Tex.Civ. App.—Dallas 1979, no writ). An examination of Appellee's pleadings show that there was no pleading covering the cost of repairs.

Appellee pled that she entered into a contract with the Defendant for purchase of the 1971 Volkswagen bus and paid the Defendant $1,900.00 therefor. She then pled: "Defendant expressly and impliedly warranted to Plaintiff that the 1971 Volkswagen was in excellent condition, proper working order and fit for the particular purpose that the Plaintiff intended." Again quoting from Appellee's petition, paragraph V: "After the sale of the 1971 Volkswagen Bus by the Defendant to the Plaintiff, it was learned by the Plaintiff that the Defendant had breached the express and implied warranties made to the Plaintiff in that the vehicle was not in proper working order nor was it in excellent condition.... " This allegation was followed by specifically setting forth some seven defects, followed by the allegation: "At no time did Defendant make said defects known to the Plaintiff. As a result of the misrepresentations and breach of the warranties made by the Defendant, he is in violation of Section 17.46 of the Act." In a subsequent paragraph, it was alleged: "As a result of Defendant's breach of warranty in violation of Section 17.46 of the Act, Plaintiff has suffered monetary damages in the amount of $1,200.00. As a further result of Defendant's unlawful conduct Plaintiff has suffered severe mental anguish for which she should be compensated." Therein is Appellee's theory of recovery in this lawsuit. The controlling rule is stated in *Valley Datsun v. Martinez*, 578 S.W.2d 485 (Tex.Civ.App.—Corpus Christi 1979, no writ):

Ordinarily, in a breach of warranty case, either expressed or implied, the measure of damages in the sale of equipment is not the cost of repair, but the difference in market value of the condition in which it was delivered and its market value in the condition which it should have been delivered according to the contract of the parties. *Davis Bumper To Bumper, Inc. v. American Petrofina Co.*, 420 S.W.2d 145 (Tex.Civ.App.—Amarillo 1967, writ ref'd n.r.e.); *Texas Construction Rentals, Inc. v. Harrison*, 410 S.W.2d 482 (Tex.Civ. App.—Waco 1966, writ ref'd n.r.e.); *Lawler v. Aramco, Inc.*, 447 S.W.2d 189 (Tex.Civ.App.—Houston [1st Dist.] 1969, writ ref'd n.r.e.); *Neuman v. Spector Wrecking & Salvage Co., Inc.*, 490 S.W.2d 875 (Tex.Civ.App.—Beaumont 1973, no writ); *Chaq Oil Co. v. Gardner Machinery Corporation*, [500 S.W.2d 877 (Tex.Civ. App.—Houston [14th Dist.] 1973, no writ)].

We think it clear that the pleadings were for breach of warranty in the sale of the vehicle and Appellee did not assert a cause of action or seek damages for the cost of repairs arising from the defective condition of the Volkswagen. It cannot be said that the matter was tried by consent because when evidence was offered as to the cost of repairs, Appellant objected that it was not within the realm of Appellant's case. *Kissman v. Bendix Home Systems, Inc.*, 587 S.W.2d 675 (Tex.1979), is a like set of facts and controls here.

The jury found, and it is undisputed, that the purchase price was $1,900.00. The jury also found that the value of the vehicle at the time of purchase was $1,825.00. A diligent search of the record reveals that there is no evidence to substantiate the $1,825.00 figure. Appellee points to evidence that there was trouble with the car from the beginning; that within the hour after its purchase it stalled, and that it continued to stall and give trouble; and there is an expert's opinion that a 1971 Volkswagen in good condition was worth $1,775.00. These matters show breach of warranty and that Appellee got a bad bargain, but they are

not evidence of what this vehicle was worth in its condition when sold.

The judgment based on the cost of repairs cannot stand because there are no pleadings to support it, and the issue was not tried by consent. The judgment must be reversed and, as indicated, we cannot enter a judgment based on the difference between the price paid and the actual value because there is no evidence of the actual value.

The judgment is reversed, and judgment is here rendered that the Appellee recover nothing of Appellant.