**EXXON CORPORATION, Appellant,**

v.

**Carolyn BELL, and Next Friend, Thomas E. Rosborough, Attorney in Fact, Appellees.**

No. 9332.

Court of Appeals of Texas, Texarkana.

Aug. 13, 1985.

Dale C. Scott, Houston, for appellant.

Jim Ammerman, II, Marshall, for appellees.

Before CORNELIUS, C.J., and BLEIL and CHADICK, JJ.*

CORNELIUS, Chief Justice.

Exxon appeals from a judgment in Rosborough's favor for $3,194.00 actual damages, $3,194.00 punitive damages and attorney's fees. The suit was brought as a breach of contract, conversion, and deceptive trade practices action, but judgment was rendered only on the conversion theory. Trial was to the court which entered findings of fact and conclusions of law.

## CONTRACTUAL INTERPRETATION AND CONVERSION

Rosborough wanted to acquire a water well Exxon dug when it drilled a producing gas well on his property. Exxon agreed to the transfer and a bill of sale was executed. Exxon subsequently removed a submersible pump and pipe from the well, and Rosborough filed suit for conversion, breach of contract, and violation of the Deceptive Trade Practices Act.[1] Rosborough alleged that the pump and pipe belonged to him because the bill of sale used

---

* Honorable T.C. Chadick, Justice, Supreme Court of Texas, Retired, sitting by Assignment.

1. Tex.Bus. & Com.Code Ann. § 17.41, et seq. (Vernon Supp.1985).

the term "water well," and that term included the pump and pipe. Exxon countered that they never intended to convey the pump and pipe, and that the term "water well" meant only the well shaft and casing. The trial court concluded that the term "water well" was unambiguous, and despite Exxon's subjective intent regarding the term, the pump and pipe were included. Because it found that title to the pump and pipe passed to Rosborough on execution of the bill of sale, the court found that Exxon's removal of it constituted a conversion.

■■■ Exxon first attacks the trial court's interpretation of the bill of sale. Although the judgment is based on conversion, the dispositive issues are those concerning interpretation of the contract. A contractual term is ambiguous when its meaning is uncertain or doubtful, or it is reasonably susceptible to more than one meaning. Whether ambiguity exists is a question of law for the court to decide in the light of the circumstances present when the contract is executed. *Coker v. Coker*, 650 S.W.2d 391 (Tex.1983). In the context of this case, we find that the term "water well" is reasonably susceptible of the interpretations submitted by both Exxon and Rosborough. Thus, it is ambiguous, and the trial court erred in concluding that the plain meaning of the term included the pump and pipe.

■■■ Since the term is ambiguous, parol evidence was properly considered to determine the parties' meaning. Rosborough repeatedly testified that he told an Exxon representative of his understanding of the transfer, which was that he would receive both the pump and the pipe. He further testified that he asked an Exxon superintendent about the type of pump in the well and discussed with him the need for compatible electricity to run the pump. This testimony was legally and factually sufficient to support the trial court's finding that Exxon had reason to know of the interpretation which Rosborough had placed on the term "water well." Under these circumstances, Rosborough had a right to enforce the contract according to

his interpretation of it, for where the terms of a contract are ambiguous, and one party intends one thing while the other party intends another by the same terms, there is a binding contract if one of the parties has reason to know of the meaning attached to the terms by the other. Restatement (Second) of Contracts § 20, Illus. 4 (1981). *See also, Volpe v. Schlobohm*, 614 S.W.2d 615 (Tex.Civ.App.-Texarkana 1981, no writ). Thus, because the pump and pipe were included in the bill of sale according to Rosborough's interpretation, and Exxon had reason to know of his interpretation, title to them passed to him upon the bill of sale's execution.

■■ Exxon also challenges the court's awards of actual and punitive damages. The court awarded $3,194.00 actual damages for the removal of the pump and pipe, and for a barrel owned by Rosborough which was also removed. Since the trial court concluded that title to the pump and pipe passed under the bill of sale, Rosborough's testimony of the fair market value of the pump and pipe at the time of the conversion is some evidence of that value. *Porras v. Craig*, 675 S.W.2d 503 (Tex. 1984); *Southwest Craft Center v. Heilner*, 670 S.W.2d 651 (Tex.App.-San Antonio 1984, no writ). The only other evidence of value was Exxon's answer to interrogatories offered at trial by Rosborough in which Exxon estimated the value of the pump and pipe to be $2,300.00. Considering all the evidence, the trial court's award of actual damages is supported by factually sufficient evidence and is not excessive. *Terminix Int'l Inc. v. Lucci*, 670 S.W.2d 657 (Tex.App.-San Antonio 1984, no writ).

■■■ We find, however, insufficient evidence to support the award of punitive damages. The mere fact that an act is intentional or is legally wrongful will not support an award of punitive damages. The act must be intentionally wrongful, or must be motivated by ill will and a desire to injure the other party. Fraudulent or grossly reckless conduct may sometimes justify a finding of such motivation. But where there is an honest difference of opin-

ion as to the interpretation or the legal effect of a contract, the sincere pursuance of a claimed legal right under that contract by one of the parties cannot form the basis of an award of punitive damages. *Kilgore Federal Savings & Loan v. Donnelly*, 624 S.W.2d 933 (Tex.App.-Tyler 1981, writ ref'd n.r.e.); *Scurlock Oil Co. v. Joffrion*, 390 S.W.2d 526 (Tex.Civ.App.-Tyler 1965, no writ); *Cantrell v. Broadnax*, 306 S.W.2d 429 (Tex.Civ.App.-Dallas 1957, no writ); *Upham Gas Co. v. Smith*, 247 S.W.2d 133 (Tex.Civ.App.-Fort Worth 1952, no writ); *Pacific Finance Corp. v. Gilkerson*, 217 S.W.2d 440 (Tex.Civ.App.-Beaumont 1948, writ ref'd n.r.e.); *Security State Bank of Tahoka v. Spinnler*, 78 S.W.2d 275 (Tex. Civ.App.-Amarillo 1935, no writ). Even though Rosborough testified he told an Exxon superintendent what he expected to get under the bill of sale, we find insufficient evidence to support a conclusion that Exxon acted in anything other than an attempt to enforce what it believed was its legal right under the contract.

 Exxon also argues that attorney's fees should not have been allowed. It is generally true that attorney's fees are not recoverable under Tex.Rev.Civ.Stat. Ann. art. 2226 (Vernon Supp.1985), but in conversion cases, where the circumstances of the case reveal that the action is founded upon a contract, attorney's fees may be recovered. *See NRC, Inc. v. Pickhardt*, 667 S.W.2d 292 (Tex.App.-Texarkana 1984, writ ref'd n.r.e.); *Berlow v. Sheraton Dallas Corp.*, 629 S.W.2d 818 (Tex.App.-Dallas 1982, writ ref'd n.r.e.). Since the resolution of Rosborough's conversion claim depended entirely on the contractual interpretation, his cause of action was sufficiently grounded on contract to support the trial court's award of attorney's fees under Article 2226.

 Finally, Exxon complains that Rosborough's deceptive trade practices case was in bad faith and groundless, that the trial court's findings to the contrary are erroneous as a matter of law and are against the great weight and preponderance of the evidence, and that the court therefore erred in not allowing it attorney's fees.

Rosborough's deceptive trade practices claim was based upon Exxon's failure to disclose the fact that it did not intend to convey the pump and pipe, when it knew or should have known of Rosborough's discussions with Exxon's superintendent indicating he believed the pump and pipe would be included. A reasonable argument may be made that proof of such an allegation would bring the claim within the Deceptive Trade Practices Act's protection of consumers against non-disclosure of material facts. *Gibbs v. Main Bank of Houston*, 666 S.W.2d 554 (Tex.App.-Houston [1st Dist.] 1984, no writ). As the Deceptive Trade Practices Act claim was neither groundless nor in bad faith as a matter of law, the court's refusal to award attorney's fees was proper.

For the reasons stated, the judgment of the trial court is modified to delete the award of punitive damages. As modified the judgment is affirmed.