**HIGH PLAINS WIRE LINE SERVICES, INC.,**
Appellant,

v.

**HYSELL WIRE LINE SERVICE, INC., Appellee.**

No. 07–89–0202–CV.

Court of Appeals of Texas, Amarillo.

Jan. 4, 1991.

Tark Cook, Perryton, for appellee.

William L. Rivers, Amarillo, for appellant.

Before REYNOLDS, C.J., and DODSON and POFF, JJ.

POFF, Justice.

Appellee, Hysell Wire Line Service (Hysell), brought suit against High Plains Wire Services (Plains), appellant, for conversion and damages. Appellee founded his action on an alleged breach of a "Sale and Purchase Agreement." The judgment of the trial court awarded Hysell damages of

$7,460.00 and $1,500.00 in attorney's fees plus interest.

In this limited appeal, Plains contends in point of error number one that the award of attorney's fees is legally and factually insupportable. In points of error number two through eight, Plains contends that the evidence is both legally and factually insufficient to support the findings of conversion and damage to personalty. Points of error one, two, four, five, six and eight will be sustained. Point of error three will be overruled, and point of error seven will be sustained in part. Therefore, the judgment will be affirmed in part, reformed in part, and reversed and rendered in part.

In the first point of error, Plains argues that attorney's fees were not recoverable as a matter of law under Hysell's conversion theory. Plains is correct unless the action is intrinsically founded in the interpretation of a contract. Tex.Civ.Prac. & Rem.Code Ann. section 38.001(8) (Vernon 1986); *Exxon Corporation v. Bell*, 695 S.W.2d 788, 791 (Tex.App.—Texarkana 1985, no writ). The instant case and the *Exxon* case are similar in that resolution of both suits depended upon the interpretation of a sales contract. The plaintiff in *Exxon*, as well as Hysell here, alleged that the defendant took property which belonged to him under the interpretation of a contract. Therefore, if Hysell proffered sufficient evidence that his conversion claims are so intertwined with the contract which underlies this cause of action, he would be entitled to recover attorney's fees.

Additionally, Plains argues that the evidence is insufficient to support the award of attorney's fees under a contract theory. Plains bases this argument on the alleged failure of Hysell to make a thirty (30) day statutory demand as dictated by Tex.Civ. Prac. & Rem.Code Ann. section 38.002 (Vernon 1986).

Plains, in the second, third, fourth and fifth points of error raises sufficiency of the evidence points which, if answered in his favor would defeat the right to attorney's fees under both a contract and conversion theory. Consequently, we will ad-

dress these points before resolving the attorney's fees question.

In point of error two, appellant argues that there is no evidence to support the trial court's award of $1,000.00 damages for conversion of five (5) sets of shelving. In reviewing a no evidence point, this Court will consider only the evidence which supports the finding and disregard all contrary evidence. *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex.1965); *Raw Hide Oil & Gas, Inc. v. Maxus Exploration Company*, 766 S.W.2d 264, 276 (Tex.App.—Amarillo 1988, writ denied).

■ At trial, appellee pled conversion of the shelving and sought recovery for the value of the shelves which was alleged to be $1,000.00. In order for Hysell to recover on the grounds pled, appellee was required to establish (1) that property it owned (2) was converted by Plains, and (3) the value of the property. *First State Bank, Morton v. Chesshir*, 634 S.W.2d 742, 745 (Tex.App.—Amarillo 1982, writ ref'd n.r.e.). Looking at the evidence most favorable to the trial court's finding, the record shows no evidence indicating the actual value of the shelving.[1] Since there was no evidence presented to prove the value of shelving as alleged by appellee, we will sustain point of error number two. *Garza*, 395 S.W.2d at 823.

■ In point of error three, appellant argues that there is either no evidence or, alternatively, factually insufficient evidence to support the trial court's finding that appellant wrongfully removed forty-six (46) sign letters from appellee's building. In order to support its no evidence claim, Plains must demonstrate that there is no evidence to support the adverse finding. *Raw Hide*, 766 S.W.2d at 276. Viewing the evidence most favorable to the trial court's finding, we find that the record contains more than a scintilla of evidence to support the finding. *Responsive Terminal Systems, Inc. v. Boy Scouts of Amer-*

ica, 774 S.W.2d 666, 668 (Tex.1989). Thus, we overrule the no evidence point.

■ Addressing appellant's insufficiency point, we must look at all the evidence to determine if there is some probative evidence to support the finding. If some evidence is found, we must then determine whether the evidence supporting the finding is so weak or the answer so contrary to the overwhelming evidence as to be clearly wrong and manifestly unjust. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660, 661–62 (1951), *Raw Hide*, 766 S.W.2d at 264. We find that appellant has not exhibited that "the evidence supporting the finding is so weak ... as to be clearly wrong and manifestly unjust." *Raw Hide*, 766 S.W.2d at 276. Hysell pled and proved that Plains removed and converted forty-six (46) sign letters valued at $10.00 each. Plains' theory at trial, and on appeal, was that they purchased the assets of the business including the use of the name of the business (Hysell Wire Line Service). Plains contends the sign letters were considered to be part of the assets of the company. This position is allegedly supported by clauses in the "Sale and Purchase Agreement" wherein Plains agreed to buy "wireline service equipment including ... other incidental equipment now used to conduct the wireline service business," and Hysell's agreement not to use the name Hysell Wireline Services for a five (5) year period. James Hysell, Sr. testified that he never gave anyone permission to remove the sign and that it was not part of the company which was sold to Plains.

Although the pleadings and the judgment are couched in terms of conversion, the dispositive issues of the allegation requires an interpretation of the above cited contractual clauses. *See Exxon*, 695 S.W.2d at 790. Hysell had the burden to prove that he owned or had an interest in the converted property, *First State Bank, Morton*, 634 S.W.2d at 745. As trier of the

---

1. Plaintiff's Exhibit #6 alleges that the rental value of the shelving was $338.25, but appellee did not plead or seek recovery of the rental value. *See Southwind Aviation, Inc. v. Avenda-*

no, 776 S.W.2d 734, 737 (Tex.App.—Corpus Christi 1989, writ denied) (pleading and proof required at trial on loss of use damages).

facts, the trial judge determines the weight and credibility to be afforded the testimony of each witness. *Quantel Business Systems, Inc., v. Custom Controls Co.,* 761 S.W.2d 302, 306 (Tex.1988) (Gonzalez, J., concurring). Even though the trial court did not make a finding as to the interpretation of these clauses, "omitted unrequested elements, when supported by the evidence, will be supplied by presumption in support of the judgment." Tex.R.Civ.P. 299. Thus, we will presume that the trial court found that the terms of the contract, as interpreted by the parties, did not authorize Plains' removal of the sign letters.

Plains did not dispute that the sign was removed, and admitted that the sign was thrown in the trash. The evidence that the value of the sign letters were $10.00 each was uncontroverted. We conclude that the trial court's finding is not clearly wrong or manifestly unjust, and the third point of error is, therefore, overruled.

■ Hysell also alleged conversion of a work bench, a cabinet and several fire extinguishers seeking damages of $1,000.00 for the bench and cabinet and an additional $1,000.00 for the fire extinguishers. In points of error four and five, appellant contends that there is no evidence in the record to establish the value of those items. As previously stated, it is incumbent upon the claimant to establish the value of the property allegedly converted. *First State Bank, Morton,* 634 S.W.2d at 745. Our search of the record has failed to reveal a scintilla of evidence establishing the value of the work bench, cabinet or fire extinguishers. Having viewed the evidence most favorable to the trial court's finding and having found absolutely no probative evidence of the value of the allegedly converted property, we will sustain points of error four and five.

■ Having found for Plains on points of error two, four and five, and against Plains on point of error number three, we will now revisit point of error number one,

the award of attorney's fees. From our discussion in the previous points, we find that since the resolution of Hysell's claims depended upon the interpretation of the sales contract, his cause of action was sufficiently grounded on contract to support an award of attorney's fees. *Exxon v. Bell,* 695 S.W.2d at 791. Plains' first point of error will be sustained, however, for we agree with Plains' contention that Hysell failed to comply with the notice requirement mandated by Sec. 38.002 of the Tex. Civ.Prac. & Rem.Code Ann. (Vernon 1986).

■ While no specific form of presentment of a claim is necessary, *Jones v. Kelley,* 614 S.W.2d 95, 100 (Tex.1981), the only evidence in the record which resembles a "claim" as required by the cited statute, is Plaintiff's Exhibit # 6. In that letter, the only claim for payment, pertinent to this appeal,[2] is a claim for rental value for the consensual use of five sets of shelving. No claim was made for conversion of the forty six (46) sign letters. Since Hysell offered no evidence regarding a claim for payment for the allegedly converted sign letters, the propriety of awarding attorney's fees cannot rest upon the recovery of the conversion of the sign letters. Therefore, the award of attorney's fees must rest upon whether or not the claim for conversion of the shelving was a "valid claim." Tex.Civ. Prac. & Rem.Code Ann. section 38.001 (Vernon 1986). Hysell failed to prevail upon the only claim he made demand for, *i.e.,* conversion of the shelving. He is, therefore, not entitled to attorney's fees under Sec. 38.001.

■ Plains argues in points of error six and eight that the record lacks any evidence to support the judgments of $2,000.00 and $1,000.00 for damage to the leased building and the air conditioner, respectively. Even though the pleadings do not clearly specify Hysell's exact cause of action, we will liberally construe the pleadings. *De La Rosa v. Vasquez,* 748 S.W.2d 23, 26 (Tex.App.—Amarillo 1988, no writ).

---

**2.** Plaintiff's Exhibit # 6 also presents notice of claims for future rent if Plains breaches a lease agreement (which the trial court found repudiated by Hysell) and for pasture rent (which the

trial court found to be an invalid claim). Neither of these claims are part of the present appeal.

Applying this standard, Hysell has alleged either willful or negligent destruction of property. Under either theory, the right to monetary damages exists only if the cost of the damages are proven by evidence in the record. *See Hensley v. Lubbock National Bank*, 561 S.W.2d 885, 892 (Tex.Civ.App.—Amarillo 1978, no writ) (on motion for re-hearing).[3]

▮ Although the evidence established the necessity of repairs to the building, the record is totally devoid of any evidence of amounts paid or bids made to repair the damage. *Compare, Pena v. Ludwig*, 766 S.W.2d 298, 304–305 (Tex.App.—Waco 1989, no writ) (failure to prove amounts paid) *with Moren v. Pruske*, 570 S.W.2d 442, 444–445 (Tex.Civ.App.—San Antonio 1978, writ ref'd n.r.e.) (submitted proposals for repair as evidence). Additionally, the record is similarly devoid of evidence as to the diminished value of the air conditioner. Consequently, we must sustain points of error six and eight.

▮ In its seventh point of error, Plains contends there was no evidence in the record upon which to base the $1,000.00 award for damages allegedly caused to the utility connections to a mobile home on the leased premises. First, Plains argues that the evidence is insufficient to show that appellant actually caused the damages. The testimony in the record on this point is conflicting; thus, appellant, to be success-ful, must demonstrate that "the evidence supporting the finding is so weak ... as to be clearly wrong and manifestly unjust." *Raw Hide*, 766 S.W.2d at 276. Plains' rep-resentative, Ronald Sloan, testified that he did not disconnect the plumbing or gas lines. However, one of Plains' former em-ployees testified that Sloan instructed him to disconnect some of the piping from un-derneath the mobile home. James Hysell, Sr. testified that plumbing and television cable connections had been removed from the trailer lessening its value. Also, nu-merous photographs were admitted into ev-idence as fair and accurate depictions of the damaged plumbing. Looking at the evidence most favorable to the trial court's finding, we cannot say that the finding was clearly wrong and manifestly unjust.

▮ Plains next asserts that the evi-dence is insufficient to support the finding that Hysell actually suffered any damage since the home was abandoned and was eventually repossessed by the finance com-pany. We need not address this point be-cause appellant did not fully assert this defense at trial.

▮ Lastly, appellant argues that there is no evidence to support the $1,000.00 award for costs of repairing the damages. James Hysell, Sr. testified that the replace-ment cost would be "probably not over $250.00." No additional evidence as to the cost of repair was submitted to the trial court, yet the judgment awarded appellee. $1,000.00 for these damages. While there is no evidence that the reasonable cost of repairing the damaged utility connections was $1,000.00, there is uncontroverted evi-dence that reasonable cost of repairs might be as much as $250.00. This constituted some probative evidence of the damages to the mobile home's utilities. *Ives v. Webb*, 543 S.W.2d 907, 910 (Tex.Civ.App.—Corpus Christi 1976, no writ). We do not find the evidence so weak as to be clearly wrong and manifestly unjust. *In re King's Es-tate*, 244 S.W.2d at 661–62. Exercising our power to reform the judgment to conform the judgment to the evidence, *McDaniel v. Castro County*, 514 S.W.2d 488, 491 (Tex. Civ.App.—Amarillo 1974, writ ref'd n.r.e.), we will reduce the damage award to $250.00. The point of error, therefore, will be overruled, as reformed.

In summation, we reverse and render the judgment regarding the following dam-ages: (1) $1,500.00 in attorney's fees; (2) $3,000.00 in conversion damages regarding the shelving, work bench, cabinet and fire

---

3. As to the air conditioner, the usual measure of damages for a chattel which is destroyed is the difference in its market value before and after destruction. *Wright v. Gernandt*, 559 S.W.2d 864, 869 (Tex.Civ.App.—Corpus Christi 1977, no writ). As to the leased building, the cost of repairs is the appropriate amount of damages. *Ortiz v. Flintkote Company*, 761 S.W.2d 531, 536 (Tex.App.—Corpus Christi 1988, error denied).

extinguishers; (3) $3,000.00 in destruction of property damages regarding the building and the air conditioner. We reform the judgment regarding the utility connections damages to reflect recovery for the appellee in the amount of $250.00 (instead of $1,000.00). Otherwise, we affirm the judgment awarding appellee $460.00 for conversion of the sign letters. Judgment for the appellee is reformed to reflect a recovery of $710.00.

DODSON, Justice, concurring.

I concur with the majority's disposition of the case. This concurrence is directed at the majority's discussion of the appellant's first point of error. By that point of error, the appellant challenges the trial court's award of attorney's fees on two grounds. First, that there is no foundation in law for the award of attorney's fees in suits for conversion or damages to property. And second that there is insufficient evidence to allow the award of attorney's fees.

In the first paragraph of the majority opinion we are told that Hysell's action was for an alleged breach of a "Sale and Purchase Agreement." Thus, the action is within the ambit of section 38.001(8) of the Texas Civil Practice & Remedies Code (Vernon 1986). Then, the majority determines that Hysell was not entitled to an award of attorney's fees because of his failure to comply with the notice requirements of section 38.002 of the Code. This determination is dispositive of the first point of error and the erroneous award of attorney's fees. Had the discussion of the first point of error ended there, I would have no reason to concur. However, the majority engages in further discussions concerning the recovery of attorney's fees in conversion actions which are said to be "depended upon the interpretation of a sales contract" and "sufficiently grounded on contract to support an award of attorney's fees." I consider those comments to be dictum, misleading and misstatements of the law.

It is elementary that attorney's fees are recoverable if the claim is grounded on oral or written contract. Section 38.001(8). Otherwise, there is no recovery of attorney's fees under this subsection. Either the claim is grounded on the contract or it is not. And we should not suggest that something less will comply with the statute.