TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00434-CV






CC Carpet, Appellant



v.



Mark Loftus, Appellee







FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY


NO. 237,561, HONORABLE ORLINDA L. NARANJO, JUDGE PRESIDING






 CC Carpet, a corporation, appeals from a summary judgment recovered by Mark
Loftus. We will affirm the judgment.


THE CONTROVERSY


 CC Carpet contracted with Loftus to install in his residence, for $4,300, some 840
pieces of maple flooring. CC Carpet installed the flooring and Loftus paid the contract price. He
then discovered that some nineteen pieces were made of red oak, a kind of flooring different from
and inferior to the maple pieces according to the uncontroverted summary judgment proof. Loftus
sued CC Carpet under the Deceptive Trade Practices Act (the "Act") (1) to recover "economic
damages" allegedly sustained by him because the red oak pieces did not conform to the contract. 


 The allegations in Loftus's petition brought the case within the following provisions
of the Act:


(a) A consumer may maintain an action where any of the following constitute a
producing cause of economic damages . . . :


 (1) the use or employment by any person of a false, misleading, or
deceptive act or practice that is:


 (A) specifically enumerated in a subdivision of Subsection (b) of
Section 17.46 of this subchapter; and


 (B) relied on by a consumer to the consumer's detriment;


 (2) breach of an express or implied warranty;



Act § 17.50. Loftus alleged two of the specifically enumerated acts or practices set out in Section
17.46, namely subsections (5) and (7) as follows:


* * *


 (5) representing that goods or services have characteristics, ingredients,
. . . or qualities which they do not have . . . ;




* * *



 (7) representing that goods or services are of a particular standard, quality,
or grade, or that goods are of a particular style or model, if they are of
another;


Id. § 17.46(5), (7).

 In its answer, CC Carpet conceded the "mix-up or oversight" which resulted in
installation of the red oak pieces among the maple pieces.

 Loftus moved for summary judgment on the statutory grounds indicated. Attached
to his motion was an affidavit establishing that the reasonable and necessary cost to repair the floor
to make it conform to the contract, by pulling up the red oak pieces and laying maple pieces in
their stead, was $760. (2)

 CC Carpet attached to its response a copy of the parties' contract, a letter from CC
Carpet to Loftus dated August 4, 1997, offering to replace the red oak pieces free of charge, and
two affidavits. On Loftus's objection, the trial court excluded CC Carpet's summary judgment
proof. CC Carpet does not complain in that regard on appeal.


DISCUSSION AND HOLDINGS


 In its first assignment of error, CC Carpet contends the summary judgment is
erroneous because the cost to repair the flooring was an improper measure of damages for a breach
of warranty. (3) The proper measure of damages, CC Carpet contends, is the difference between the
value of the accepted goods and the value they would have had if they had been as warranted. 
Section 2.714(b) of the Texas Business & Commerce Code provides as follows when a buyer has
accepted "goods" that are found to be nonconforming:


* * *


 (b) The measure of damages for breach of warranty is the difference at the time
and place of acceptance between the value of the goods accepted and the value they
would have had if they had been as warranted, unless special circumstances show
proximate damages of a different amount.



Tex. Bus. & Com. Code Ann. § 2.714(b) (West 1994) (emphasis added). As indicated by the
emphasized words, the general rule is not without exception in "special circumstances." We note
as well that the next section of the code provides that a purchaser may recover as incidental
damages any "reasonable expense incident to the" seller's breach of warranty and consequential
damages, including "any loss resulting from general or particular requirements and needs of which
the seller at the time of contracting had reason to know and which could not reasonably be
prevented by cover or otherwise." Id. § 2.715(a), (b)(1).

 The "special circumstances" of section 2.714(b) are "not related to the recovery
of consequential damages" under section 2.715(b), and a buyer may recover the latter without first
establishing "special circumstances." 67 Am. Jur. 2d Sales § 1302, 725-26 (1985). Here it is
established as a matter of law that CC Carpet knew the particular requirements of the contract for
maple flooring (because the company contracted to provide such flooring) and that cover would
not have prevented the loss (because the nonconforming red oak pieces were installed by CC
Carpet, not merely delivered, and cover would have been meaningless); and it is evident as a
matter of law that replacing the red oak pieces with conforming maple pieces for $760 can be
effected without impairing the entire structure or expending sums in excess of its value. In
precisely these circumstances, sections 2.714(b) and 2.715(a), (b)(1) authorize cost of repair as
the measure of damages. See High Plains Wire Line v. Hysell Wire Line, 802 S.W.2d 406, 411
(Tex. App.--Amarillo 1991, no writ); Ortiz & Gem Homes v. Flintkote Co., 761 S.W.2d 531, 536
(Tex. App.--Corpus Christi 1988, writ denied); Lanphier Constr. Co. v. FOWCO Constr. Co.,
523 S.W.2d 29, 40 (Tex. Civ. App.--Corpus Christi 1975, writ ref'd n.r.e.); 67A Am. Jur. 2d
Sales § 1303 (1985). (4) 

 In a second assignment of error, CC Carpet contends that judgment as a matter of
law, under Texas Rules of Civil Procedure 166a, was precluded because of disputed issues of
material fact shown in the summary judgment record, namely:


 1. Whether CC Carpet substantially performed its contract to install the flooring. 
We disagree. "[T]he doctrine of substantial performance is not relevant to the statutory cause of
action under" section 17.50 of the Act. Smith v. Baldwin, 611 S.W.2d 611, 614 (Tex. 1980).

 2. Whether Loftus had sustained the economic damages he alleged as a result of
CC Carpet's "mistake" in installing the oak pieces. We disagree. The uncontroverted affidavit
of a cabinet maker, accompanying Loftus's motion for summary judgment, established that Loftus
in fact incurred economic damage and that the reasonable and necessary cost to repair the damage
was $760. See Tex. R. Civ. P. 166a(c).

 3. Whether Loftus wrongfully refused CC Carpet's offer to replace the oak pieces,
and thus failed to mitigate his damages. If we understand correctly CC Carpet's argument under
the assignment of error, it invokes the provisions of section 17.5052(d) of the Deceptive Trade
Practices Act. Section 17.5052(d) provides that the defendant in an action under section 17.50
may fix or limit the amount of damages recoverable by the plaintiff by tendering an offer of
settlement that includes "(1) an amount of money or other consideration, reduced to its cash value
. . . and (2) an amount of money to compensate the consumer for the consumer's reasonable and
necessary attorneys' fees incurred as of the date of the offer." Act § 17.5052(d). If the amount
tendered is the same as, substantially the same as, or more than the damages found by the trier of
fact, the plaintiff cannot recover an amount in excess of the lesser of the amount tendered or the
amount of damages found by the trier of fact. Id. § 17.5052(g). The settlement offer must
conform to the statutory requirements. See Cail v. Service Motors, Inc., 660 S.W.2d 814, 815
(Tex. 1983).

 The sole summary judgment proof of such a settlement offer was attached to
Loftus's motion for summary judgment. It is a copy of a letter from CC Carpet to Loftus dated
August 4, 1997. In its letter, CC Carpet merely offered to replace the red oak pieces at no cost
to Loftus; no amounts of money are tendered in the letter. It does not, therefore, conform to the
requirements of section 17.5052(d).



 For the reasons given, we overrule CC Carpet's two assignments of error and
affirm the judgment below.



 

 John E. Powers, Justice

Before Chief Justice Aboussie, Justices Kidd and Powers*

Affirmed

Filed: July 15, 1999

Do Not Publish



















* Before John E. Powers, Senior Justice, (retired), Third Court of Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1998).
1. See Tex. Bus. & Com. Code Ann. §§ 17.41-.826 (West 1987 & Supp. 1999).
2. Reasonable and necessary attorneys' fees were also proved by affidavit attached to Loftus's
motion. The judgment awards Loftus a total of $5,375 in attorneys' fees. The award of attorneys'
fees is not assailed on appeal.
3. Loftus alleged a cause of action for breach of contract and another for breach of warranty. 
For purposes of discussion, we will assume he recovered on his breach-of-warranty claim as CC
Carpet contends. The "economic damages" claimed by Loftus under the Deceptive Trade
Practices Act include "costs of repair." Act § 17.45(11).
4. CC Carpet invites our attention to Simmons v. Simpson, 626 S.W.2d 315 (Tex. Civ.
App.--El Paso 1980, no writ). The decision is inapposite. There, the plaintiff sued for breach
of a warranty made in the sale of a motor vehicle. The court held the plaintiff could not recover
damages measured by the cost to repair because he did not plead that as the measure of damages
and the issue was not tried by consent. Such is not the case here.



alleged as a result of
CC Carpet's "mistake" in installing the oak pieces. We disagree. The uncontroverted affidavit
of a cabinet maker, accompanying Loftus's motion for summary judgment, established that Loftus
in fact incurred economic damage and that the reasonable and necessary cost to repair the damage
was $760. See Tex. R. Civ. P. 166a(c).

 3. Whether Loftus wrongfully refused CC Carpet's offer to replace the oak pieces,
and thus failed to mitigate his damages. If we understand correctly CC Carpet's argument under
the assignment of error, it invokes the provisions of section 17.5052(d) of the Deceptive Trade
Practices Act. Section 17.5052(d) provides that the defendant in an action under section 17.50
may fix or limit the amount of damages recoverable by the plaintiff by tendering an offer of
settlement that includes "(1) an amount of money or other consideration, reduced to its cash value
. . . and (2) an amount of money to compensate the consumer for the consumer's reasonable and
necessary attorneys' fees incurred as of the date of the offer." Act § 17.5052(d). If the amount
tendered is the same as, substantially the same as, or more than the damages found by the trier of
fact, the plaintiff cannot recover an amount in excess of the lesser of the amount tendered or the
amount of damages found by the trier of fact. Id. § 17.5052(g). The settlement offer must
conform to the statutory requirements. See Cail v. Service Motors, Inc.,