## SIBLEY v. FITCH.
### No. 2887.

Court of Civil Appeals of Texas. Waco.
Jan. 26, 1950.

Rehearing Denied Feb. 16, 1950.

Allen & Allen, Hamilton, C. O. McMillan, Stephenville, for appellant.

Rawlins & Linne, Monahans, Joe H. Eidson, Hamilton, for appellee.

HALE, Justice.

Appellee sued appellant in the District Court of Hamilton County for the conversion in that county of 2400 feet of 5½ inch oil well casing. He prayed that he have judgment for the return of the casing, or, in the alternative, for its value. Trial without a jury resulted in judgment against appellant for the value of the casing in the sum of $5400.00.

Under the single point upon which his appeal is predicated, appellant says the court below erred in rendering a money judgment against him because the evidence showed that the casing involved in the suit was in his possession at the time of the trial and hence was available to appellee. We cannot agree with this contention for reasons to be noted briefly.

The owner of converted property has the right, at his option, to sue for its specific recovery or for its market value. 42 T.J. p. 543, Sec. 32 and authorities. Since the injured party has the right of election as between the two remedies thus afforded him, the wrong-doer cannot ordinarily require the person whose property has been unlawfully converted to accept a return thereof in discharge of legal liability for the wrong committed, even though a return of the property is timely tendered. King v. Boerne State Bank, Tex.Civ.App., 159 S.W. 433, er. den.; Copeland v. Porter, Tex.Civ.App., 169 S.W. 915; Kolp v. Prewitt, Tex.Civ.Apps., 9 S.W. 2d 490.

We find no showing in the record before us that appellant ever tendered to appellee a return of any oil well casing. Moreover, we cannot say as a matter of law that the casing involved in this suit was in the possession of appellant at the time of the trial. While there was testimony to the effect that a certain quantity of 5 inch casing situated in Milam County, Texas was in the possession of appellant at that time, we do not think the evidence as a whole is such as to require a finding that the identical casing in controversy was available to appellee at any time after its conversion.

If it be assumed, however, that the converted property was in appellant's possession at all times after its conversion, we are of the further opinion that such

fact would not warrant a reversal in this cause on the complaint of appellant. The decree appealed from expressly recites that all relief prayed for by the parties not therein granted is denied. When the money judgment rendered against appellant shall have been satisfied, appellee will thereby become conclusively estopped from asserting any further right, title or interest in or to the property in controversy. 42 T.J. p. 570, Sec. 56; St. Louis A. & T. Ry. Co. v. McKinsey, 78 Tex. 298, 14 S.W. 645; Smith v. So Rill, Tex.Civ.App., 54 S.W. 38. Consequently, we fail to see how any legal right of appellant has been in any wise prejudiced by reason of the action of which he complains.

Wherefore, the judgment of the trial court is affirmed.