Robert J. ADAM, Appellant-Appellee,

v.

Nancy Lucretia Harrison HARRIS et al.,
Appellees-Appellants.

No. 1758.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

March 15, 1978.

Rehearings Denied April 5, 1978.

Lennon Wright, J. Richard Cheney, Mac Gann, Miller, Gann & Perdue, Houston, for appellant-appellee.

George M. Bishop, Mary W. Clark, Houston, for appellees-appellants.

J. CURTISS BROWN, Chief Justice.

This is an appeal by both sides from a judgment rendered in favor of trust beneficiaries on one of several claims made by them against their trustee and his brother. We affirm.

J. V. Harrison, owner of controlling interest in the J. V. Harrison Trucklines, Inc., established a testamentary trust of that property for the benefit of his daughters, Nancy Lucretia Harrison Harris and Sunny Sue Harrison. This trust took effect upon Mr. Harrison's death in December 1966 and, by its terms, it terminated as to each daughter upon her thirtieth birthday (October 7, 1973 for Nancy Lucretia and May 5, 1975 for Sunny Sue). Robert J. Adam was appointed trustee for the trust.

In December 1970, as a result of what was characterized by the beneficiaries as, and found by the jury to be, undue influence and fraud, Robert Adam persuaded the Harrison sisters to sign an instrument purportedly creating a trust of their truckline stock with themselves as beneficiaries and Robert Adam and his brother, Terry J. Adam, as trustees. This trust was to take effect on May 5, 1975, the day the testamentary trust completely terminated. In February 1975 each of the women wrote Robert Adam a letter revoking the second trust and demanding that they be given the stock certificates and other property then being held by him for them.[1] The Adams did not comply with this demand and, instead, filed a declaratory judgment action seeking a determination of their rights and duties under the second trust. The Harrison sisters answered this action and counterclaimed for conversion and breaches of trust. Following a jury trial, judgment was entered against Robert Adam in favor of Nancy Lucretia Harrison Harris for $5,000.00 in actual damages for conversion and in favor of Sunny Sue Harrison for $25,750.00 in actual and punitive damages for conversion. Additionally, Adam was ordered to return to the Harrisons $750.00 he was permitted to set aside from the trust assets for legal fees when he was ordered to deposit those assets into the registry of the court in connection with his declaratory judgment action. No judgment was entered against Terry Adam.

In his appeal from the judgment, Robert Adam initially complains that the trial court's charge failed to instruct the jury on the measure of damages for conver-

---

1. Since the testamentary trust had already terminated as to Nancy Lucretia, she demanded immediate return of her property. Sunny Sue demanded she be given hers when the testamentary trust terminated as to her (May 5, 1975).

sion and that the jury's findings on those damages should not have been followed. Undoubtedly the trial court should have instructed the jury on the measure of damages to be applied. Under Rule of Civil Procedure 279, however, a party complaining of the omission of an explanatory instruction or definition must have tendered a correctly worded instruction or definition and requested its submission; a simple objection, as was relied on here, is insufficient. *Lyles v. Texas Employers' Insurance Association,* 405 S.W.2d 725 (Tex.Civ.App.— Waco 1966, writ ref'd n. r. e.). Adam has waived this point.

In any event, our review of the evidence in this case convinces us that judgment was properly entered on the jury's findings on actual damages for conversion. The jury had evidence from which it could determine the value of the stock in the truckline, and from that it could calculate the damages which should be awarded for its wrongful detention. When, as here, plaintiffs request the return of converted property they may recover money damages for the loss of use of the property during the period of its detention, which in the absence of another measure being shown, is the legal interest on the value of the property. *Davidson v. Oberthier,* 93 S.W. 478 (Tex.Civ.App., 1906, no writ). The jury's findings on damages comport with this rule. Since we conclude that these findings are supported by the evidence, any error which may exist in the wording of the special issues is harmless and does not lead to reversal.

Adam next urges that he did not convert the Harrisons' property since he promptly applied to a court for a declaratory judgment on whether he should return the property, arguing that this action shields him from liability by negating an element of the tort. This argument stems from a misconception of conversion. Conversion is the wrongful exercise of dominion and control over another's personal property, to the exclusion of or inconsistent with the rights of the owner; the innocent or good faith exercise of that dominion is no defense. *E. g., Chrysler Credit Corporation v. Malone,* 502 S.W.2d 910, 914 (Tex.Civ. App.—Fort Worth 1973, no writ). Application to a court for guidance in determining whether property should be returned, while it may show good intentions, does not defeat a suit for conversion.

Similarly, we do not believe that Adam, as a trustee, was under a duty to retain possession of the trust property until relieved of responsibility for it by a court, an argument also advanced to establish that conversion did not occur. The first, testamentary, trust was terminated as to Nancy Lucretia Harrison when she requested her property and Sunny Sue requested she be given hers when that trust ended as to her. The second trust, being in effect the promise to make a gift in the future (the beneficial interest to themselves and the legal interest to the Adams), was unenforceable. Restatement (Second) of Trusts § 26, Comment b (1959). Since the relationships created by the first agreement had expired and those anticipated by the second never existed, they cannot have constituted a bar to a suit for conversion.

Further, we find no merit in Adam's argument that the judgment against him for conversion constitutes a collateral attack on matters decided under the declaratory judgment action. The court order relied on by Adam for this argument merely recites that the inter vivos trust "was terminated"; it does not, as Adam urges, include a finding that the trust terminated on the date the order was signed. This order does not preclude an action for conversion and is, instead, consistent with it.

In a related point, Adam argues that requiring him to return the $750.00 he was permitted to segregate from the trust funds when they were deposited with the court is an impermissible collateral attack on the earlier order. We do not agree. Permission to retain control of that money was not an award of it.

In his final points of error Adam attacks the award of $20,000.00 in exemplary damages granted Sunny Sue Harrison for the wilful conversion of her property. Chief among these points is the assertion that the trial court erroneously ignored a jury finding that the conversion of the stock was done in good faith, a finding which would preclude an award of exemplary damages. We find no error since the issue on "good faith conversion" was an inferential rebuttal issue relative to the one submitted directly on exemplary damages. Under Rule 277 inferential rebuttal issues are not to be submitted; instructions and definitions are to be used instead. Counsel for the Harrisons made an adequate objection and in such a situation we believe that the trial court properly disregarded the jury's answer.

Adam's other points go to the failure of the court's charge to delineate the type of wrongdoing which justifies the award of exemplary damages and an attack by factual and legal sufficiency of the evidence points on the jury's answer to the exemplary damages issue.

As we have previously noted, error in the failure to give instructions or definitions is waived unless a properly worded instruction or definition is tendered. None was tendered here. Further, from our review of this case we conclude that the award given for exemplary damages is supported by the evidence.

All of Robert Adam's points of error have been duly considered and all are overruled.

In their appeal from the trial court's judgment the Harrison sisters, the trust beneficiaries, complain both that the trial court failed to assess exemplary damages against Robert Adam for the fraud and undue influence he practiced in inducing the creation of the second trust and that it erred in refusing to require the Adam brothers to return the profits they made as the result of self-dealing. We are not persuaded by either of these complaints.

It is the Harrisons' position with respect to the first of their claims that although no actual damages were sustained as a result of the undue influence and fraud the court had the power to award exemplary or punitive damages since the equitable remedy of rescission was sought. They make this claim on the basis of a line of cases holding that in suits for equitable relief, in particular those seeking the imposition of a constructive trust on profits acquired in violation of fiduciary duties, punitive damages may be awarded. We have examined these cases and find that they do not support the proposition urged by the Harrisons. Instead, the rule is that a litigant may recover exemplary damages in actions for equitable relief, but in order to do so, there must be some actual loss or injury to support such recovery. *Teas v. Republic National Bank of Dallas*, 460 S.W.2d 233, 244 (Tex.Civ.App.—Dallas 1970, writ ref'd n. r. e.).

Further, we find no error in the trial court's refusal to award damages for self-dealing. It is uncontested that while Robert Adam was a trustee of the testamentary trust and, by virtue of that position, a director of the truckline company, insurance for the company's trucks was purchased from Adam Gordon Insurance Agency, an agency owned by Robert Adam's brothers. The Harrisons assert that this is self-dealing in violation of section twelve of the Texas Trust Act, Tex. Rev.Civ.Stat.Ann. art. 7425b–12 (Supp. 1978), and that Robert Adam and all those who knowingly participated in this breach of trust are liable as joint tortfeasors for any profits they may have made. The flaw in this argument, however, is that whatever breach of fiduciary duty Robert Adam committed was in his capacity as director of the truckline corporation and not in his capacity as trustee. Robert Adam did not self-deal with the trust property, the shares in the corporation, but rather with the corporation's property, the monies used to purchase the insurance for the trucks. Section twelve of the Texas Trust Act directs that a "trustee shall not buy or sell . . . any property owned by or belonging to the trust estate . . . from or to . . .

a relative . . . ." Here, no property either entered or left the trust *res*; the trustee neither bought nor sold trust property. Under these circumstances we hold that no cause of action for self-dealing lies against anyone on the basis of the beneficiary-trustee relationship.

All points of error brought by Nancy Lucretia Harrison Harris and Sunny Sue Harrison have been duly considered and all are overruled.

The judgment of the trial court is affirmed.