WOLFE MASONRY, INC., d/b/a
Tropical Pools, Appellant,

v.

James STEWART, Appellee.

No. 13–82–111–cv.

Court of Appeals of Texas,
Corpus Christi.

June 9, 1983.

Curtis Bonner, Harlingen, for appellant.

Randall P. Crane, San Benito, for appellee.

Before NYE, C.J., and YOUNG and KENNEDY, JJ.

OPINION

KENNEDY, Justice.

This is a breach of contract/Deceptive Trade Practices Act TEX.BUS. & COMM.

CODE ANN. (Vernon Supp.1982–1983), (hereinafter referred to as "the Act") case. Appellant brought suit against appellee under the terms of a swimming pool construction contract for recovery of sums allegedly due and owing under said contract and unpaid, and for attorney's fees. Appellee answered and filed a counterclaim under Sec. 17.50 of the Act.

Trial was to the court which awarded judgment to appellee in the amount of $10,-250 less an offset of appellant's contractual claims of $1,033.56 for a total of $9,216.44. Specifically, the trial court found that appellant had violated its express warranty against defects in material and workmanship and that appellee was damaged in the amount of $2,500. In addition to this sum, the trial court then doubled the first $1,000 and trebled the remaining $1,500, added attorneys fees of $1,250 for the total of appellee's award. The trial court also made the legal conclusion that the notice provision of Sec. 17.50A(b) of the Act, effective August 27, 1979, was applicable to the case.

On May 22, 1979, the parties entered into a contract whereby appellant was to construct a swimming pool on appellee's property for the sum of $8,050. Thereafter, several changes were made in the contract bringing the total price of the pool to $9,002.56. The contract provided for payment to be made by appellee based upon the completion of certain phases of the construction. It is undisputed that appellee paid the appellant $7,969, and that the remaining $1,033.56 was not paid.

Although there was some dispute as to exactly when appellant completed construction of the pool, it is undisputed that the appellant completed construction of the pool by July 4, 1979. Appellee disputes that the pool was ever completed and these complaints form the basis of his counterclaim. However, the evidence clearly shows that the pool was essentially complete by July 4, 1979.

The appellee testified at trial that the pool was very poorly constructed and that:

There was an insufficient number of expansion joints in the decking.

The "cool deck" was improperly applied to the decking.

The plaster was not properly finished.

The deck was improperly anchored to the pool shell.

The plumbing was improperly installed and continually leaked.

These claims were corroborated by the expert testimony of Headly Raybourn, appellee's expert witness and the only non-party witness, who testified by deposition. Mr. Raybourn also testified that the cost of repairing the aforementioned defects was at least $2,500.

In his first point of error, appellant complains that the trial court's award of treble damages was improper because the notice provisions of Sec. 17.50A(2) of the Act were not complied with by the appellee. Specifically, appellant is complaining that the Act, in July of 1979, required that one seeking to enforce the treble damage provisions of the Act had to provide the potential defendant with 30 days written notice of his claims. It is undisputed that appellant did not receive written notice of appellee's claims. Appellee argues that the 1979 amendments to the Act effective August 27, 1979 are applicable. The 1979 amendments to Sec. 17.50A provides that written notice is not required where a countersuit is filed as in this case. The threshold question, then, is which version of the Act applies to this case. If the pre-August 1979 version of the Act applies, then the trial court's award of treble damages was error. If the post-August 1979 Act applies, the Action of the trial court in assessing treble damages was proper.

Appellee's counterclaim is for breach of the express warranty contained in the contract which states that "[t]ropical pools guarantee the work performed by it against defects in material and workmanship *for a period of one year from the date of the contract."*

Sec. 2.725(b) TEX.BUS. & COMM.CODE ANN. (Vernon 1968) is applicable to this fact situation. This section of the Uniform Commercial Code as adopted by Texas pro-

vides that a cause of action for breach of warranty accrues when the breach is discovered. The question of whether or not the warranty in question is covered by the uniform commercial code is answered in Sec. 2.313 TEX.BUS. & COMM.CODE ANN. (Vernon 1968) wherein any express warranty which relates to goods and becomes part of the bargain is covered by the code. See *W.R. Weaver Co. v. Burrough Corp.,* 580 S.W.2d 76 (Tex.Civ.App. El Paso 1979, writ ref'd n.r.e.). See generally 3 R. ANDERSON, ANDERSON ON THE U.C.C. SEC. 2.313 (1983); 4 R. ANDERSON, ANDERSON ON THE U.C.C. SEC. 2.725 (1971); T. QUINN, U.C.C., COMMENTARY & LAW DIGEST SEC. 2.75 & 2.313 (1978); J. WHITE & R. SUMMERS, HANDBOOK ON THE LAW UNDER THE UNIFORM COMMERCIAL CODE 11–8, 9–2 (1972) which discuss in detail the application of these code sections.

Applying these code sections to the facts of this case, it is undisputed that the last possible date on which the defective pool was installed was July 4, 1979. Therefore, the pre-1979 amendment portion of the Act applies to these acts. See *Riverside National Bank v. Lewis,* 603 S.W.2d 169 (Tex. 1980), *Woods v. Littleton,* 554 S.W.2d 662 (Tex.1977). It was undisputed that no notice as required by the pre-amendment Act was given to the appellant. Therefore, the trial court erred in its conclusion of law that the post-amendment notice provisions of the Act applied and that appellant received sufficient notice so as to trigger the application of the treble damage provisions of the Act. Appellant's point of error number one is sustained.

■ In his second, fourth and fifth points of error appellant complains of the sufficiency of the evidence to support the trial court's findings of defective goods and workmanship, and its damage award based on these defects. In considering "no evidence" and "insufficient evidence" points of error this court will follow the now familiar standard of review established by our Supreme Court in *Burnett v. Motyka,* 610 S.W.2d 735 (Tex.1980); *Garza v. Avilar,* 395

S.W.2d 821 (Tex.1965). We have carefully reviewed the record and find sufficient evidence there to support the trial court's findings of defective materials and workmanship, and of the findings as to the amount of damages awarded. Points of error two, four and five are overruled.

■ Appellant's point of error number three complains of the action of the trial court in not subtracting the offset due appellant from appellee's damages before applying the treble damage formula to the damage award. In light of our holding under appellant's first point of error this question is no longer present in this case. However, in order to fully answer all of the points of error raised by this case, we will consider this point. In arriving at the final judgment, the trial court applied the treble damage formula of the Act to the damages before subtracting the offset awarded to appellant. This method of calculating damages under the Act was incorrect. In *Smith v. Baldwin,* 611 S.W.2d 611 (Tex.1980) the Supreme Court stated that "actual damages suffered under Sec. 17.50(b)(1) are determined by the total loss sustained by the plaintiff as a result of the deceptive trade practice. Allowable setoffs will necessarily reduce the Actual damages and hence the sum subject to trebling." Id. at 613. Therefore, the amount of damages subject to trebling are the net damages after subtraction of allowable offsets. As we have previously reversed all of the treble damages awarded by the trial court for lack of notice, we will not now calculate what the damage award should have been. Appellant's third point of error is sustained.

The judgment of the trial court is REVERSED and RENDERED that appellee recover his actual damages of $2,500 less the offset of $1,033.56 awarded appellant plus $1,250 attorney's fees. Costs are assessed one-half against each party.