**WINKLE CHEVY-OLDS-PONTIAC, INC. Appellant,**

**v.**

**Ralph J. CONDON, Appellee.**

**No. 13-91-235-CV.**

Court of Appeals of Texas, Corpus Christi.

April 30, 1992.

Rehearing Overruled June 30, 1992.

Jerry W. Bussell, Sugar Land, Steven L. Weltman, Houston, for appellant.

Betty Clark, Houston, for appellee.

Before NYE, C.J., and SEERDEN, and BISSETT[1], JJ.

## OPINION

NYE, Chief Justice.

Winkle Chevy–Olds–Pontiac, Inc. appeals a jury award of $51,566 in damages, plus attorney's fees, for appellant's repossession of a van leased to Ralph Condon. The jury found for Condon on all theories of recovery—breach of contract, conversion, and deceptive trade practices.[2] By thirteen points of error, appellant complains that the trial court erred in awarding punitive damages, in granting double recovery, in granting relief under the DTPA, in awarding damages in excess of the pleadings, and in awarding improper measures of damages.

Appellant and Condon entered a forty-eight month lease agreement on a van. After approximately thirty months, appellant repossessed the vehicle. A series of attempts to obtain return of both the van and the construction tools in the van availed nothing, and Condon filed suit in federal court for conversion and breach of contract. The parties agreed to dismiss the federal suit, and Condon refiled the action in state court, adding a claim for actual and punitive damages under the Texas Deceptive Trade Practices Act. At trial, appellant claimed it repossessed the van because Condon's payments were late. Condon had made late payments in the past. He argued that since appellant accepted them he was not in default, and appellant's repossession was wrongful. The case was submitted to a jury, which found for Condon on all issues, on all causes of action, and awarded him $51,566 in damages.

■ By its third point of error, appellant claims insufficient evidence exists to support the finding that appellant acted with conscious indifference; consequently, the trial court erroneously awarded common-law punitive damages. To be entitled to exemplary damages, the injured party must show that the tort-feasor's act warranted actual damages and was of a wanton and malicious nature. *Southwest Inv. Co. v. Alvarez*, 453 S.W.2d 138, 141 (Tex. 1970); *Transfer Prod., Inc. v. TexPar Energy, Inc.*, 788 S.W.2d 713, 715 (Tex.App.—Corpus Christi 1990, no writ); *See also First Nat'l Bank v. Gittelman*, 788 S.W.2d 165, 170 (Tex.App.—Houston [14th Dist.] 1990, writ denied). Here, the charge instructed the jury to award punitive damages if they found that appellant acted with conscious indifference to Condon's rights. Appellant now challenges the sufficiency of the evidence to support that finding.

■ A challenge to the sufficiency of the evidence requires us to consider, weigh, and examine all of the evidence which supports and is contrary to the jury's determination. We set aside the jury's verdict only if the evidence standing alone is too weak to support the finding, or the answer is so against the overwhelming weight of the evidence that it is manifestly unjust and clearly wrong. *Plas–Tex, Inc. v. U.S. Steel Corp*, 772 S.W.2d 442, 445 (Tex.1989); *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660, 661 (1951); *Automobile Ins. Co. v. Davila*, 805 S.W.2d 897, 905 (Tex. App.—Corpus Christi 1991, writ denied). Punitive damages may not be awarded when the tort-feasor acts with a good-faith belief that he is exercising some right. *Gardner v. Jones*, 570 S.W.2d 198, 201 (Tex.App.—Houston [1st Dist.] 1978, no writ). The jury found that appellant converted the van and acted with conscious indifference to Condon's rights and welfare. We find that sufficient evidence exists to support the jury's verdict.

Appellant called no witnesses. Consequently, the record contains no direct evi-

1. Assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to Tex. Gov't Code Ann. § 74.003 (Vernon 1988).

2. *See* Texas Deceptive Trade Practices Act, Tex. Bus. & Comm.Code Ann. § 17.46 (Vernon 1987), "DTPA."

dence of the knowledge or intentions of appellant or appellant's agents. Appellant's counsel argued at trial that appellant merely exercised its right to repossess the van because Condon defaulted. Counsel established that Condon began making late payments. However, appellant did not dispute that it accepted all twenty-eight payments Condon made on the van, some of which were late. Neither did appellant claim that Condon missed any payments. It was further undisputed that the lease agreement required appellant to notify Condon of any default. Appellant claims it mailed Condon notice by certified mail. Condon testified that he never received any notice that appellant considered him in default or that appellant was going to repossess the van.

After discovering that the van was gone, Condon contacted Tom Winkle at appellant's office. Winkle promised to find Condon's file and call him back. Condon never received a return call. Although Condon and his wife called *several times daily* during the next two weeks, all further attempts to speak to Winkle were futile. Winkle either hung up when Condon identified himself, or he would not speak with Condon at all.

The evidence showed that Condon kept his construction tools in the van because he used it as a "shop on wheels" for his construction business. With both the van and the tools gone, he was unable to make his living. Some time after repossession, Condon successfully contacted appellant's agent, who was storing the van, in an attempt to retrieve his construction tools. In response, the agent suggested a late-night meeting behind a Whataburger restaurant where Condon would turn over his van keys and his driver's license, and the agent would then "see about" getting Condon's tools returned to him. The tools were later returned, but not before Condon lost two lucrative construction contracts because of his inability to complete them without his tools.

The evidence also showed that Condon retained an attorney who wrote to appellant requesting the vehicle's return. The attorney got no response. After filing suit, Condon learned through discovery that appellant had sold the van. Condon testified that all of this occurred without him ever having discovered the reason why the van was seized.

At trial Condon's attorney read to the jury portions of appellant's admissions and answers to interrogatories. Appellant's answers were desultory and contradictory. Condon originally leased the van from The Vette Store. Appellant claimed that The Vette Store merely assigned the lease contract to it sometime after Condon entered the agreement. However, The Vette Store had provided Condon with a coupon payment booklet bearing appellant's name and address, and Condon made all payments to appellant. Appellant admitted that the coupon payment booklet had been provided to Condon. However, it denied ever having provided the booklet itself and denied knowing who did. Appellant further admitted that it had always been the owner of the van and that The Vette Store leased the van to Condon. Yet, appellant denied ever having allowed The Vette Store to lease vehicles on its behalf.

All of the foregoing facts constituted ample evidence to support the jury's finding that appellant acted with conscious indifference to Condon's rights. The punitive damages award was not without support in the record. Point three is overruled.

By its thirteenth point of error, appellant complains that the trial court erred in allowing Condon to testify to appellant's state of mind. Condon stated that he thought appellant knew that it was "stealing" the van from him by taking it and selling it for a profit. Appellant believes the answer prejudiced the jury and resulted in the jury finding conscious indifference and awarding a large amount of exemplary damages. We find that the error here, if any, did not amount to such a denial of appellant's rights as was reasonably calculated to cause and probably did cause rendition of an improper judgment. *See Amoco Production Co. v. Alexander*, 622 S.W.2d 563, 571 (Tex.1981); Tex.R.App.P. 81(b)(1).

Condon's statement was merely his own summary of events. Appellant had already admitted that it repossessed the van and sold it. Condon had testified earlier, without objection, that he felt the van had been stolen and that appellant had not complied with its obligations under the lease agreement. Objections to evidence are inefficacious when similar evidence is introduced and received without objection. *Ford Motor Co. v. Nowak*, 638 S.W.2d 582, 591 (Tex.App.—Corpus Christi 1982, writ ref'd n.r.e.). Point thirteen is overruled.

■ By point four, appellant complains that the trial court improperly allowed Condon a double recovery of punitive damages. Appellant argues that Condon's different theories of recovery encompass the same act or practice and the same actual damages. As such, appellant claims the trial court erred in awarding both DTPA treble damages and common-law punitive damages. We disagree. Appellant cites § 41.004(b) of the Civil Practice and Remedies Code as controlling. This provision prevents a plaintiff from recovering punitive damages if his damages are multiplied under another statute. TEX.CIV.PRAC. & REM. CODE ANN. § 41.004 (Vernon Supp.1992). However, this provision applies only to certain statutory actions and does not apply to actions brought under the DTPA. TEX.CIV. PRAC. & REM.CODE ANN. § 41.002 (Vernon Supp.1992). The only limitations upon Condon's entitlement to both treble and punitive damages are those specified in the DTPA itself and by case law.

■ Remedies authorized under the DTPA are cumulative of those provided by other laws. *Kish v. Van Note*, 692 S.W.2d 463, 466, 467 (Tex.1985); BUS. & COM.CODE ANN. § 17.43 (Vernon 1987). However, the Act states "no recovery shall be permitted under both this subchapter and another law of both actual damages and penalties for the same act or practice." *Mayo v. John Hancock Mut. Life Ins. Co.*, 711 S.W.2d 5, 6–7 (Tex.1986); BUS. & COM.CODE ANN. § 17.43 (Vernon 1987). Condon's recovery of both DTPA treble damages and common law punitive damages does not violate this limitation because Condon alleged and proved different and separate acts. *See Mayo*, 711 S.W.2d at 7. The jury's findings on conversion encompassed the wrongful taking of the van. The DTPA findings encompassed misrepresentations made at the time of contracting regarding notice and the ownership of the van. TEX.BUS. & COM.CODE ANN. § 17.46(b)(2), (3), (5) (Vernon 1987). Moreover, Condon obtained separate findings of actual damages under each theory of recovery. *See Birchfield v. Texarkana Memorial Hosp.*, 747 S.W.2d 361, 367 (Tex.1987); *See also Orkin Exterminating Co. v. Williamson*, 785 S.W.2d 905, 913 (Tex.App.—Austin 1990, writ denied). The DTPA prohibits double recovery for *the same act or practice*. Condon established separate acts. He was entitled to DTPA treble damages for misrepresentations and to common-law punitive damages for the conversion of the van. Since the award of treble damages and punitive damages was based upon separate jury findings and upon different acts, properly alleged in his pleadings, we find no error in the trial court's judgment granting Condon both DTPA treble damages and common-law punitive damages. The trial court correctly found some duplication in the actual damages claimed but properly awarded the maximum damages under the theories pleaded and proved.[3] *Birchfield*, 747 S.W.2d at 367. We overrule point four.

3. Condon pleaded conversion, DTPA, and breach of contract. He claimed the elements of damages set forth below. The jury awarded the amounts indicated. These elements of damages were submitted to the jury, by separate questions, for each theory of recovery.

| | Conversion | DTPA | Breach/Contract |
|---|---|---|---|
| Lost value of the vehicle | $10,720 | $10,720 | $10,720 |
| Loss of use of vehicle after repossession | $ 700 | $ 700 | $ 700 |
| Mental anguish | $ 5,000 | $ 5,000 | not claimed |

Condon's statement in his brief regarding this point reveals that he is content to stand upon the jury's findings for conversion and DTPA. The trial court's judgment only awarded Condon one recovery of his actual damages. Since Condon is content to stand on those findings, it is not necessary, and therefore we decline, to address any attack on damages under the breach of contract theory. We address only whether damages were properly awarded under either the DTPA or conversion actions. Tex.R.App.P. 90(a).

■ By its first point of error, appellant claims that the trial court erred in submitting jury questions on Condon's DTPA claim since Condon failed to send appellant a demand letter. The DTPA requires a complaining party to notify a potential defendant of his claim by sending a demand letter thirty days before filing suit. *See* TEX.BUS. & COM.CODE ANN. § 17.505(a) (Vernon 1987).[4] When a defendant specifically denies receiving notice, as appellant did here, the plaintiff must prove that he provided it. *Automobile Ins. Co.,* 805 S.W.2d at 903. Condon admitted that he never sent appellant a demand letter before filing suit. However, he argued that since limitations would have run on his claim, the Act excused him from providing the written notice due to impracticality. *See* TEX.BUS. & COM.CODE ANN. § 17.505(b) (Vernon 1987).

■ A plaintiff must plead and prove that he qualifies for the limitations exception. *Automobile Ins. Co.,* 805 S.W.2d at 903. Condon pleaded the statute of limitations exception in his amended petition. He testified that limitations would have run seven days after the date he filed suit, and therefore, sending thirty days' notice was impracticable. As such, the trial court did not err in submitting jury questions on Condon's DTPA claim because the statute of limitations exception excused Condon from sending the notice. TEX.BUS. & COM. CODE ANN. § 17.505(b) (Vernon 1987). For the same reason, the trial court did not err when it refused to allow appellant to submit a special issue on notice. Points one and two are overruled.

■ By point five, appellant complains of insufficient evidence to support the $10,720 award for lost value of the vehicle. Appellant claims the amount awarded for lost value of the vehicle should have been set-off by the amount of the actual value of use Condon received. The appellant never pleaded or argued set-off as it does now. Condon made twenty-eight payments totalling $10,720. He estimated the van's value using the price in the lease agreement, $22,800.[5] In awarding Condon only the amount he had made in payments, the jury seems to have considered the fact

| | Conversion | DTPA | Breach/Contract |
|---|---|---|---|
| Lost business income | $ 4,800 | $ 4,800 | $ 4,800 |
| Lost improvements to the van | $ 346 | $ 346 | $ 346 |
| DTPA treble damages | | $ 5,000 | |
| Common-law punitive damages | $25,000 | | $25,000 |

4. Condon's cause of action accrued, and he filed suit, before September 1, 1989, the effective date of amendments to § 17.505(a). The statute now requires sixty days notice. However, the DTPA notice provision in effect when the cause of action accrued governs the sufficiency of notice. *Schenck v. Ebby Halliday Real Estate, Inc.,* 803 S.W.2d 361, 373 (Tex.App.—Fort Worth 1990, no writ); *Wolfe Masonry, Inc. v. Stewart,* 664 S.W.2d 102, 103 (Tex.App.—Corpus Christi 1983, no writ).

5. Texas law holds the price the injured party paid for the chattel is not determinate of its fair market value for conversion purposes. *Ochoa v. Evans,* 498 S.W.2d 380, 386 (Tex.Civ.App.—El Paso 1973, no writ); 15 Tex.Jur.3d *Conversion* § 43 (1981). However, appellant never complained of that valuation or challenged Condon's numbers. It only argues now that the evidence is insufficient to support the $10,720 in lost value because of the desired set-off.

that Condon did not have to make the remaining lease payments or the final purchase payment. In fact, the jury did give appellant a set-off. We do not find the evidence too weak to support the jury's award. We overrule point five.

By points six and twelve, appellant avers that the $10,720 award for lost value and the $5,000 award for mental anguish exceed the pleadings. Appellant cannot urge this complaint for the first time on appeal. It has failed to preserve error on these complaints. *First Nat'l Indem. Co. v. First Bank & Trust*, 753 S.W.2d 405, 407 (Tex.App.—Beaumont 1988, no writ); *Wm. S. Baker, Inc. v. Sims*, 589 S.W.2d 492, 493 (Tex.Civ.App.—Dallas 1979, writ ref'd n.r.e.); *See generally Western Constr. Co. v. Valero Transmission Co*, 655 S.W.2d 251, 255–56 (Tex.App.—Corpus Christi 1983, no writ); Tex.R.Civ.P. 301, 324. We overrule points six and twelve.

By its seventh point of error, appellant claims that the award of both lost value and lost use of the vehicle under conversion resulted in double recovery. To this, we agree. A plaintiff who establishes conversion is entitled to return of the property and damages for loss of use during the tort-feasor's detention. *Southwind Aviation, Inc. v. Avendano*, 776 S.W.2d 734, 737 (Tex.App.—Corpus Christi 1989, writ denied). Alternatively, the injured party can sue for the value of the property. *Southwind*, 776 S.W.2d at 737; *Sibley v. Fitch*, 226 S.W.2d 885 (Tex.Civ.App.—Waco 1950, writ ref'd). We sustain point seven and reform the judgment, eliminating the $700 awarded for loss of use.

By point ten, appellant claims that wrongful intent is a necessary element of conversion and the omission of that element from the jury charge precludes Condon from recovering under conversion. Conversion is the wrongful exercise of dominion and control over another's property in denial of or inconsistent with his rights. *Waisath v. Lack's Stores, Inc.*, 474 S.W.2d 444, 446 (Tex.1971); *Virgil T. Walker Constr. Co. v. Flores*, 710 S.W.2d 159, 160 (Tex.App.—Corpus Christi 1986, no writ). Exercising dominion or control over another's property in denial of, or inconsistent with, his rights constitutes conversion. A

plaintiff need not establish that the defendant acted with a wrongful intent. *Virgil T. Walker Constr.*, 710 S.W.2d at 160 (citations omitted). "The intent required is not necessarily a matter of conscious wrongdoing. It is rather an intent to exercise a dominion or control over the goods which is in fact inconsistent with the plaintiff's rights." W. PROSSER, LAW OF TORTS § 15 (4th ed. 1971) (citations omitted). We find no error in the jury question on conversion as submitted. Point ten is overruled.

By point eight, appellant urges error because the trial court awarded mental anguish damages claimed by Condon under conversion. Damages for mental anguish are not ordinarily awarded in conversion actions, although they may be considered in determining punitive damages. *Gittelman*, 788 S.W.2d at 169, 171. However, we find that any error presented by the award is harmless. Mental anguish damages are recoverable under Condon's DTPA claim, for which Condon obtained favorable jury findings. We overrule point eight.

By point nine appellant argues that the trial court erred in awarding lost business income. Appellant states lost income constitutes special damages which are not recoverable under conversion. Alternatively, if such damages are proper, appellant argues the trial court erred in refusing an instruction on the foreseeability of these damages. Lost profits are proper under conversion only if the defendant had notice of them. *See Commercial Credit Equipment Corp. v. Elliott*, 414 S.W.2d 35, 43 (Tex.Civ.App.—Eastland 1967, writ dism'd); *Universal Credit Co. v. Wyatt*, 56 S.W.2d 487, 488 (Tex.Civ.App.—El Paso 1933, no writ). Since the injured party must show that such damages were within the contemplation of the parties at the time of contracting, the omission of the foreseeability instruction rendered the charge defective.

Appellant preserved error by proper objection. *Castleberry v. Branscum*, 721 S.W.2d 270, 276 (Tex.1986); *National Fire Ins. v. Valero Energy Corp.*, 777 S.W.2d 501, 508 (Tex.App.—Corpus Christi

1989, writ denied); Tex.R.Civ.P. 278. However, in considering the pleadings, the evidence, and the charge in its entirety, we find that the charge error did not amount to such a denial of appellant's rights as was reasonably calculated and probably did cause rendition of an improper judgment. *Island Recreational Dev. Co. v. Republic of Texas Sav. Ass'n.*, 710 S.W.2d 551, 555 (Tex.1986); *See generally Magcobar N. Am., a Div. of Dresser Indus., Inc. v. Grasso Oilfield Serv., Inc.*, 736 S.W.2d 787, 798 (Tex.App.—Corpus Christi 1987, writ dism'd by agr., 754 S.W.2d 646). Although the record contains little evidence that the parties contemplated such damages, Condon pleaded these damages from the outset of the proceedings. The charge included a definition of proximate cause which instructed on foreseeability. The jury answered these questions in favor of Condon. Considering all of these factors in their totality, we find it unlikely that the jury would have reached a different verdict had appellant's desired instruction been included. Any charge error in the omission of the instruction on foreseeability was harmless.

Similarly, we overrule point eleven. Appellant claims that the request for lost improvements to the van should have been accompanied by an instruction on foreseeability. Condon modified the van to accommodate his tools. He also added a stereo system and special seats. We find that the award of lost improvements Condon made to the van were proper under conversion as actual damages sustained. *Virgil T. Walker Constr.*, 710 S.W.2d at 161; *Groves v. Hanks*, 546 S.W.2d 638, 647 (Tex.App.—Corpus Christi 1976, writ ref'd n.r.e.).

We have carefully considered the entire record and all of appellant's points of error. The only error we find is the $700 award for lost use of the van. Accordingly, we reform the trial court's judgment to eliminate the $700 award for loss of use. As reformed, we AFFIRM the judgment of the trial court.