NUMBER 13-99-737-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

________________________________________________________________

FIRST VALLEY BANK, NOW KNOWN AS NORWEST BANK TEXAS, N.A. , Appellant,


v.


DON MEEKER , Appellee.

________________________________________________________________


On appeal from the 103rd District Court

of Cameron County, Texas.

________________________________________________________________


O P I N I O N


Before Justices Dorsey, Rodriguez, and Seerden (1)

Opinion by Retired Chief Justice Seerden



Appellant, First Valley Bank formerly Norwest Bank Texas, N.A., appeals a judgment setting aside a tax exemption
certificate and other documents affecting title to the real property which is the subject of this lawsuit, awarding exclusive
possession of the property to appellee, Don Meeker, and awarding Meeker $45,563.29 damages against appellant. The
property at issue was owned by Continental Forwarding Company ("Continental") and was subject to a deed of trust in
favor of First Valley Bank, n/k/a Norwest Bank ("Norwest"), the appellant herein. Meeker, the appellee, acquired the
property at a tax sale. The prior owner of the property, Continental, with the aid of Norwest, attempted to redeem the
property. After a trial, the jury found that Continental did not redeem the property because it failed to tender the amount
required under the law, and awarded Meeker title to the property and $45,453.29 in damages. Norwest appeals this
judgment by eleven issues. We affirm in part and reverse and remand in part.

Presumption of Validity

In its first issue, Norwest argues that the trial court erred in entering judgment on behalf of Meeker because the jury's
responses to questions five and six entitle Norwest to rely on the tax redemption certificate. The jury answered "No" to
these questions:

Question 4:

Do you find that Don Meeker agreed with Sergio Adame and Continental Forwarding Corporation as to the amount of
money necessary to redeem 4.0 acres of land in Share 12, Espiritu Santo Grant, Cameron County, Texas, being all of
Adame Subdivision?

Question 5:

Do you find that Sergio Adame and Continental Forwarding Corporation were able to locate Don Meeker prior to
redemption of 4.0 acres in land in share 12, Espiritu Santo Grant, Cameron County, being all of Adame Subdivision?

According to Norwest, this issue presents a case of first impression: the extent to which a lienholder of record may rely
upon a tax redemption certificate procured by its borrower, the record title holder. Norwest argues that the tax redemption
certificate together with the owner's affidavit should be entitled to the same presumption of validity as the recitals in a
trustee's deed, although this presumption of validity may be rebutted. Norwest concludes that the jury's responses to
questions four and five are "definitive proof" that Meeker's attempt to rebut the presumption of validity failed. We do not
accept Norwest's invitation to apply a presumption of validity to a tax redemption certificate and property owner's affidavit.
Rather, the burden of proof is on the owner of the property to prove payment or tender of redemption money to either the
purchaser of the property or to the tax collector within the two year redemption period before he or she can successfully
assert title to the property sold at a tax sale. See Burkholder v. Klein Ind. Sch. Dist., 897 S.W.2d 417, 420
(Tex.App.--Corpus Christi 1995, no writ); Washington v. Giles, 258 S.W. 900, 903 (Tex.Civ.App.--Galveston 1924, writ
dis'md). Moreover, we note that, in response to question one, the jury specifically found that Continental Forwarding failed
to tender the required amount for redemption, thus the jury's findings in response to questions four and five do not
constitute "definitive proof" about the validity of the redemption. We overrule Norwest's first issue

 Judgment is Interlocutory

In its second and eleventh issues, Norwest argues that the judgment is not final because it fails to dispose of all issues
before the court, and that the trial court erred in refusing to grant appellant's motion for new trial because these unresolved
issues precluded the entry of a final judgment. Norwest specifically contends that the judgment fails to resolve Meeker's
claims against defendants Sergio Adame and Continental.

The judgment rendered in the trial court fails to encompass Meeker's claims against Adame and Continental for damages,
fraud, attorney's fees, or prejudgment and postjudgment interest. However, when a judgment, not intrinsically interlocutory
in character, is rendered and entered in a case following a conventional trial on the merits, no order for a separate trial of
issues having been entered, it will be presumed for appeal purposes that the court intended to, and did, dispose of all parties
legally before it and of all issues made by the pleadings between such parties. North East Ind. Sch. Dist. v. Aldridge, 400
S.W.2d 893, 897-98 (Tex. 1966); see Lehmann v. Har-Con Corp., 39 S.W.3d 191, 205 (Tex. 2001). The judgment at issue
is not intrinsically interlocutory in character, it was entered following a conventional trial on the merits, and, although not
participating at trial, Adame and Continental were legally before the court. Thus, we presume that the judgment at issue
disposed of all parties and all issues made by the pleadings between such parties. See Lehmann, 39 S.W.3d at 205. 
Accordingly, we overrule Norwest's second and eleventh issues.

Variance Between Pleading and Proof

In Norwest's third, fourth, fifth, and sixth issues, Norwest contends that the trial court erred in submitting jury questions
one, two, three, and four, respectively, because these questions are not supported by the pleadings. In its seventh issue,
Norwest argues that the trial court erred in entering judgment because the judgment does not conform to the pleadings, the
evidence, and the verdict. In its tenth issue, Norwest argues that the trial court erred in refusing to grant its motion for
judgment notwithstanding the verdict because there were no pleadings before the court to support jury question one, and
jury questions two, three, and four were predicated upon a negative response to jury question one. 

Question number one asked the jury if Continental Forwarding tendered the required amount to the tax collector within two
years of the date of the sheriff's deed, executed at the tax foreclosure sale, in order to redeem the property. Question
number two asked the jury if defendant First Valley Bank received the benefit of the use of the property, including rental
income, after the sheriff's tax foreclosure sale. Question number three asked what sum of money, if paid now in cash,
would fairly and reasonably compensate Meeker for his damages, if any, resulting from First Valley Bank's receiving the
benefit of the use of the property. Question number four asked if First Valley Bank, at any time after the expiration of the
redemption period, excluded Meeker from possessing and receiving the benefit of ownership of the property.

In the absence of special exceptions, we must liberally construe a petition in favor of the pleader. Roark v. Allen, 633
S.W.2d 804, 809 (Tex. 1982); see Tex. R. Civ. P. 45; Gunn Buick, Inc. v. Rosano, 907 S.W.2d 628, 631 (Tex.App.--San
Antonio 1995, no writ). The petition is sufficient if it gives fair and adequate notice of the facts upon which the pleader
bases his claim. Roark, 633 S.W.2d at 810. Norwest failed to file special exceptions to Meeker's petition, therefore, we
will liberally construe Meeker's petition. See id.

In Meeker's original answer to First Valley Bank's petition in intervention and cross-claim against First Valley Bank,
Meeker claimed ownership of the disputed real property through the sheriff's deed and two correction deeds. He alleged
entitlement to possession of rents, profits, and proceeds generated by the property, and asserted that he had made demand
on First Valley Bank for these monies, which First Valley Bank had refused. Meeker alleged that Continental did not hold
title to the property, and that First Valley Bank's claims to the property through Continental constituted a cloud on Meeker's
title. Meeker sought judgment against First Valley Bank "clearing [Meeker's] title of the cloud cast by [First Valley Bank's]
adverse claim and quieting title to the property that is the subject matter of this suit in plaintiff," actual damages, and
prejudgment and postjudgment interest.

A review of Meeker's pleadings reveals that they give clear, fair, and adequate notice to Norwest of the facts upon which
Meeker basis his claims. See Roark, 633 S.W.2d at 810. We overrule Norwest's third, fourth, fifth, sixth, seventh, and
tenth issues. 

Evidence Pertaining to Damages

In its eighth issue, Norwest argues that the trial court erred in entering judgment that Meeker recover $45,563.29 because
no evidence or insufficient evidence exists that rental sums which belonged to Meeker were retained by Norwest. Meeker
concedes that there is factually insufficient evidence to support the amount awarded by the jury. We sustain Norwest's
eighth issue. 

Motion for Directed Verdict

In its ninth issue, Norwest contends that the trial court erred in refusing to grant its motion for directed verdict on grounds
that Meeker presented no evidence to support his stated causes of action. We initially note that Norwest complains, in part,
that there was no evidence to support any award of attorney's fees; however, this issue was not submitted to the jury and
cannot serve as a basis for error.

In considering no evidence or legal sufficiency points of error, we consider only the evidence and inferences from the
evidence favorable to the decision of the trier of fact, and disregard all evidence and inferences to the contrary. See State
Farm Fire & Cas. Co. v. Simmons, 963 S.W.2d 42, 44 (Tex. 1998);Burroughs Wellcome Co. v. Crye, 907 S.W.2d 497, 499
(Tex. 1995). If more than a scintilla of evidence supports the challenged finding, the no evidence challenge must fail. See
General Motors Corp. v. Sanchez, 997 S.W.2d 584, 588 (Tex. 1999); Mayberry v. Texas Dep't of Agric., 948 S.W.2d 312,
316 (Tex. App.--Austin 1997, pet. denied).

Meeker alleged a cause of action for conversion and secured jury findings in support of this cause of action. Conversion is
established by proving (1) the plaintiff owned, had legal possession of, or was entitled to possession of the property; (2) the
defendant assumed and exercised dominion and control over the property in an unlawful and unauthorized manner, to the
exclusion of and inconsistent with the plaintiff's rights; and (3) the defendant refused plaintiff's demand for the return of the
property. Ojeda v. Wal-Mart Stores, Inc., 956 S.W.2d 704, 707 (Tex. App.--San Antonio 1997, pet. denied). Ordinarily,
the plaintiff must establish that he demanded return of the property and that the defendant refused to return it. Edmunds v.
Sanders, 2 S.W.3d 697, 703 (Tex. App.--El Paso 1999, pet. denied). Demand and refusal are not necessary when the
possessor's acts manifest a clear repudiation of the plaintiff's rights. Id.

In an action for conversion, it is no defense that the defendant acted in complete innocence and perfect good faith. Morey
v. Page, 802 S.W.2d 779, 786 (Tex. App.--Dallas 1990, no pet.); Adam v. Harris, 564 S.W.2d 152, 155 (Tex. Civ.
App.--Houston [14th Dist.] 1978, writ ref'd n.r.e.). However, a qualified refusal to surrender property may be justified in
order to secure a reasonable period of time in which to investigate the rights of the parties. Whitaker v. Bank of El Paso,
850 S.W.2d 757, 760 (Tex. App.--El Paso 1993, no writ); Morey, 802 S.W.2d at 786; see Edmunds, 2 S.W.3d at 703.

Norwest first argues that there was no evidence that Meeker demanded the return of the property. However, Meeker
testified that he demanded the property, and that Norwest refused to return the property on grounds that it had redeemed the
property. Moreover, as noted above, a demand for return of the property is not necessary when the possessor's acts
manifest a clear repudiation of the owner's rights, as in the instant case. 

Norwest also argues that it acted in good faith, and merely retained the property to investigate its rights. See, e.g., Edmunds,
2 S.W.3d at 703; Morey, 802 S.W.2d at 786. However, Norwest's actions were not consistent with a qualified refusal and
investigation. Meeker demanded the property and filed suit to obtain the property. In refusing to return the property to
Meeker, Norwest argued that it had redeemed the property. However, Norwest subsequently filed a separate bill of review
proceeding, alleging not that it had properly redeemed the property, but instead attacking the initial tax sale of the property
to Meeker. Such actions are not consistent with a "qualified" refusal to return the property. Moreover, Norwest failed to act
within a "reasonable period of time" to investigate the rights of the parties. 

We conclude that Norwest failed to establish that its refusal to return the property was based on a reasonable doubt as to its
duty under the circumstances. Further, even if we assume that there was evidence from which the jury could have inferred
a proper qualified refusal, we cannot say that the evidence was such that the jury was bound to make such a finding. 
Finally, the defense now asserted on appeal was not submitted to the jury, nor does Norwest complain that it should have
been submitted. Therefore, this ground of defense, which was not conclusively established under the evidence, was waived. 
See Tex. R. Civ. P. 279; Morey, 802 S.W.2d at 786. We overrule Norwest's ninth issue.

Conclusion

In summary, we have overruled all of Norwest's issues except for its issue regarding the rental damages awarded to Meeker. 
We conclude that the damages at issue are liquidated. A claim is liquidated if the amount of damages caused by the
defendant can be accurately calculated from (1) the factual, as opposed to conclusory, allegations in the petition, and (2) an
instrument in writing. See Pentes Design, Inc. v. Perez, 840 S.W.2d 75, 79 (Tex. App.--Corpus Christi 1992, writ denied). 
Meeker's claim against Norwest can be calculated from the allegations in Meeker's petition and from the lease agreements
between Norwest and the tenants. We therefore reverse and remand this matter on the issue of damages alone. See Tex. R.
App. P. 44.1(b). Otherwise, the judgment of the trial court is affirmed in its entirety.



ROBERT J. SEERDEN

Retired Chief Justice

Do not publish .

Tex. R. App. P. 47.3.



Opinion delivered and filed

this 5th day of July, 2001.

1. Retired Chief Justice Robert J. Seerden assigned to this Court by the Chief Justice of the Supreme Court of Texas
pursuant to Tex. Gov't Code Ann. § 74.003 (Vernon 1998).